## EVANSBERG v. INSURANCE STOVE, RANGE & FOUNDRY CO.

(Circuit Court, E. D. Kentucky. August 25, 1908.)

No. 2,571.

1. REMOVAL OF CAUSES (§ 86*)—PARTIES—FRAUDULENT JOINDER—PETITION TO REMOVE.

Where, in an action for injuries, the petition stated as a ground for liability against the resident defendant that he knew of the defective mold into which plaintiff was pouring molten iron at the time he was injured by such defect, and with such knowledge directed plaintiff so to do, a petition for removal on the ground of fraudulent joinder, alleging that such defendant had nothing to do with the accident, was not present, and did not construct the mold, but which failed to deny plaintiff's allegation and to allege that it was known by plaintiff to be untrue when made, and was made to prevent removal, was insufficient.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 86.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago, E. R. Co., 78 C. C. A. 362.]

2. REMOVAL OF CAUSES (§ 36*)—JOINDER OF PARTIES—INTENT.

A plaintiff in an action for injuries may join parties defendant for the sole purpose of preventing a removal of the cause, if he has a joint cause of action.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

3. REMOVAL OF CAUSES (§ 49*)—JOINDER OF PARTIES—SEPARABLE CONTROVERSY.

In an action for injuries to a servant, plaintiff sued defendant company, a nonresident, and B., a resident, who was plaintiff's superintendent. The corporation's liability, if any, was based on its negligence in providing a defective appliance, or because of B.'s negligence in directing plaintiff to pour iron into the mold known by him to be defective. Held, that the liability of B. and the corporation was not joint, but severable as to each, and that the cause was therefore removable.

[Ed. Note.—For other cases. see Removal of Causes, Dec. Dig. § 49.*

Separable controversy, see notes to Robins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

On Motion to Remand. Denied.

R. C. Simmons and Byrne & Read, for plaintiff.
Galvin & Galvin, for defendant.

COCHRAN, District Judge. The petition for removal does not present a good cause for removal on the ground of fraudulent joinder. The ground upon which the liability of the defendant Breiner is based in the petition is that he knew of the defective construction and condition of the mold into which plaintiff was pouring the molten iron at the time of the injury, and with such knowledge directed plaintiff to do so.

The petition for removal does not allege that this allegation was untrue, known to be untrue by plaintiff when made, and was made for the purpose of preventing a removal. Beyond the sweeping allegation that said defendant had nothing whatever to do with the accident complained of, it alleges specifically that said defendant was not personally present at the time thereof and did not construct the mold.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

These things are nowhere alleged in the petition or counted on therein. Said sweeping allegation is of no value. If removing defendant intended to controvert the specific allegation of the petition on which liability was based, he should have done so specifically. Nor is it helped out by the allegation of fraudulent joinder. The plaintiff in such cases as this has a right to join for the sole purpose of preventing a removal, if he has a joint cause of action. It is important, therefore, for the removing defendant, if he desires to secure a removal, to make a direct and specific attack on the fact alleged upon which the right to join is based, alleging that that fact was known to be untrue and made for the purpose of preventing a removal.

But the petition for removal does present a good ground of removal, in that the petition does not present a joint cause of action, but does present a separable controversy. This is so even if it be assumed that it presents a cause of action against defendant Breiner. The ground of removing defendants' liability, if any, is either that it negligently provided a defective appliance, or that it is liable for defendant Breiner's negligence in directing him to pour the iron into the mold, knowing that it was defective. The defendant Breiner is not liable to the plaintiff on the first ground, because he was under no duty to furnish plaintiff with a safe appliance. If it be conceded that he is liable on the second ground, the liability of both defendants because thereof is not joint. It is a separate liability as to each. Warax v. C. N. O. & T. P. Ry. Co. (C. C.) 72 Fed. 637; Hukill v. M. & B. S. R. R. Co. (C. C.) 72 Fed. 745. This is not a death case, and I do not understand that the authority of these cases in nondeath cases has yet been overthrown.

The motion to remand is overruled.