8950

PRESCOTT v. SOUTHERN RAILWAY CO.

(83 S. E. 781.)

APPEAL AND ERROR.  WAREHOUSEMEN.  NEGLIGENCE.  EVIDENCE.

1. CARRIERS—LIABILITY FOR FREIGHT—ISSUES INVOLVED—FEDERAL STAT-
   UTES.—Where a carrier moving for a nonsuit of an action against it
   as a carrier and as a warehouseman, and for the penalty for non-
   payment of a loss of freight, on the ground that the evidence showed
   that the freight had been paid, receipted for, and left in the depot
   of the carrier, so that its liability as carrier ceased, and while the
   Court reserved its decision, plaintiff withdrew the causes of action,
   except the one against the carrier as warehouseman, the question of
   the liability of the carrier as such under the Federal statute did
   not arise.

2. WAREHOUSEMEN — LIABILITY — PRESUMPTIONS. — A warehouseman re-
   ceiving goods, but failing to return them on demand, must account
   for their loss, and it is not enough to merely show that a loss was
   by fire, but he must show the circumstances surrounding the fire.

3. WAREHOUSEMEN—LIABILITY—PRESUMPTIONS.—That the complaint, in
   an action against a warehouseman for loss of goods, did not allege
   negligence generally, but stated the particulars of the negligence,
   did not prevent the applicability of the presumption of negligence,
   and plaintiff need not prove any of the acts of negligence specified.
   and the warehouse man had the burden of showing due care.

Before SPAIN, J., Edgefield, March, 1914.    Affirmed.

Action by W. E. Prescott against Southern Railway Com-
pany. From a judgment for plaintiff, defendant appeals.
The facts are stated in the opinion of the Court.

*Mr. N. G. Evans,* for appellant, submits: *Proof must show negligence alleged, even if unnecessarily specified by plaintiff:* 50 S. C. 49; 51 S. E. 650; 45 S. C. 278; 89 Atl. 769; Wigmore Ev., sec. 2487; 90 S. C. 86. *Rule as to burden of proof in action against warehousemen:* 11 Rich. 342; 76 S. C. 246; 76 S. C. 9. . *Defendant was a gratuitous bailee:* 60 S. E. 1. *The liability of the defendant was governed by the act to regulate commerce and Federal decisions thereunder, during period of storage, as well as of transportation:* 203 U. S. 270; 225 U. S. 155; 227 U. S. 657; *Ib.* 639; 226 U. S. 491; 233 U. S. 173; 232 U. S. 490; *Ib.* 508. *Under the Federal decisions which should have been applied to this case, the burden of proving negligence was on plaintiff:* Story, Bailments, sec. 410; 10 Wall. 270; 194 U. S. 427.

*Mr. J. Wm. Thurmond,* for respondent, cites: 90 S. C 86; 6 Cyc. 460, 462; 76 S. C. 9; *Ib.* 247. *Federal decisions:* 58 L. Ed. U. S. Sup. Ct. 527; *Ib.* 592. *Burden of proof:* 58 L. Ed. U. S. Sup. Ct. 566.

September 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action against the defendant for loss by fire of certain boxes of shoes while in the defendant's possession. Thirteen boxes of shoes were shipped from Petersburg, Virginia, to the plaintiff in Edgefield, S. C. They arrived in Edgefield on the 23d day of June, 1913. On the following day the plaintiff's agent called at the depot for freight and, on account of the crowded condition of his wagon, took only four boxes. Plaintiff's agent paid the freight on all, but left nine boxes in the possession of the defendant to be called for later. On the morning of the 4th of July following, the warehouse of the defendant, with its contents, including the shoes, burned down. The plain-

tiff demanded payment for the loss, which was refused. The plaintiff then brought this suit alleging three causes of action. The first cause of action was against the defendant as common carrier; the second as warehousemen, and the third was for the penalty for nonpayment. Judgment was for the plaintiff, and the defendant appealed.

There are several exceptions, but the appellant argues but two questions.

The defendant claims that inasmuch as this is an interstate shipment, the Federal statute governs. This question does not legitimately arise in this case for the reason that the appellant moved for a nonsuit on the ground that "the evidence here shows that this freight arrived here on the 23d of June and that the freight was paid and receipted for by the agent of Dr. Prescott. He came for it and paid the freight, and I submit that where a common carrier delivers freight in good order and has it in its depot and paid for then its liability as common carrier ceases." The Court reserved its decision on that question; and before it was announced, the plaintiff withdrew the cause of action against defendant as common carrier, and also the cause of action for the penalty. It, therefore, being conceded in the Circuit Court that the contract for carriage was ended, and the appellant held the goods by a separate contract, the question as to appellant's liability as common carrier and the Federal statute, under which it might have arisen, is not before this Court, and the only question argued which we can consider is the question as to warehouseman.

The general rule as to the liability of warehouseman in this State is clear. When the plaintiff shows that he has delivered his goods to a warehouseman and that he can't get them back, the warehouseman must account for the loss. That it is not enough to relieve the warehouseman for him to show that the loss was by fire, he must show the circumstances surrounding the fire. See

*Brunson* v. *Ry.,* 76 S. C. 9, 56 S. E. 338, 9 L. R. A. (N. S.) 577n, and *Fleischman* v. *Ry.,* 76 S. C. 237, 56 S. E. 974, 9 L. R. A. (N. S.) 519.   The difficulty in this case is that the complaint made no separate general allegation of negligence, but undertook to state the particulars in which the defendant was negligent.   The trial Judge charged that there was a presumption of negligence and the plaintiff was not required to prove any of the acts of negligence specified in the complaint.   The appellant contends that this is error.   While the plaintiff might have made and rested upon a general allegation of negligence, yet, when the plaintiff undertook to specify the acts of negligence, then the plaintiff was confined to his specification of negligence alleged.

In the case of *Sutton* v. *Ry.,* 82 S. C. 347-349, 64 S. E. 401, this Court says, that where a complaint is allowed to stand in which there are general allegations of negligence, then any evidence of negligence will be received, but where specific acts of negligence are alleged, the specific acts must be proved.   The rule in that case was held not to apply to a passenger, because there is a presumption of negligence from injury to a passenger from an instrumentality of the carrier, and that presumption cast upon the carrier the burden of showing due care, even though there was a failure to prove the specifications alleged.

This objection cannot be sustained, and the judgment is affirmed.

NOTE.—This case has been carried to the United States Supreme Court on writ of error.