## South Covington & Cincinnati Street Railway Company v. Schied.

(Decided January 9, 1920.)

### Appeal from Campbell Circuit Court.

Appeal and Error—Trial—Instructions—Issues.—Where the case pleaded is not proved, and the case proved is not pleaded, it is error to submit the case to the jury.

MATT HEROLD for appellant.

JOHN T. HODGE and J. EDWARD BOLTZ for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action against the South Covington & Cincinnati Street Railway Company for personal injuries, plaintiff, Helen W. Schied, recovered a verdict and judgment for $1,000.00. The company appeals.

The petition charges in substance that plaintiff board-

ed defendant's car in Cincinnati and was carried to Third and Washington avenue in the city of Newport; that in alighting from the car she was compelled to pass through, among and between a large number of passengers, who were negligently and carelessly permitted by the defendant to be and remain about the exit door; that by reason of the shifting, surging and pushing of said passengers during plaintiff's passage among them, she was pushed, crowded, shoved and forced forward and off her balance so as to be thrown from the platform of the car on to the street and was thereby injured. Defendant denied the allegations of the petition and also pleaded contributory negligence.

According to plaintiff's evidence there were four men on the platform until Washington avenue was reached. Then a man left and there were two men in front of plaintiff. Plaintiff stepped down on the platform and helped her daughter off. After her daughter got off the door almost closed. The motorman endeavored to open the door but a heavy-set passenger was in the way. The passenger stepped back, placing his feet between plaintiff's legs and knocking her so that she fell out into the street. At that time plaintiff. was moving sideways because the space was narrow. Plaintiff's daughter says that there were three men on the left side of the platform and two by the door. The one nearest went over to the other man in order to let her through. When the man opened the door he could not get it open wide enough, so she shoved it open. The door sprang back into its former place and when her mother tried to open it the passenger saw that he was in the way and in moving back he stepped between her mother's feet and tripped her.

For defendant the motorman testified that there were four passengers and himself on the platform. Two were standing in the extreme corner and one back of him. Three passengers had gotten off the car. When plaintiff got off, she fell and said, "My God, you tripped me." Between him and the steps of the platform was a space of about two and one-half feet. He never occupied more than one foot of the space and always stepped back when the passengers got off. Albert William Shipper testified that he was on the platform of the car on the occasion in question. The door was open and a young girl

stepped to the ground. Including himself there were four passengers on the front of the platform. He stepped to the motorman's side in order to make room. A lady fell out into the street and said, "You stuck out your heel." He felt nothing on his foot when she fell, nor did he touch her in any way.

In addition to other instructions not material the court gave the following instructions:

"1. If the jury believe from all the evidence that the defendant, its servants or employees negligently allowed a passenger to stand upon the front platform to the right of the motorman, and that the motorman in opening the door of the car negligently came in contact with said passenger and caused him to step backward and to come in contact with plaintiff, and to put his foot between her feet so that she thereby tripped and fell from said car and was injured as complained of they will find for the plaintiff unless they further believe that plaintiff failed to exercise ordinary care for her own safety and was thereby injured as set out in instruction No. 3.

"2. If the jury believe from the evidence that the passenger of his own volition and not as the result of any negligence on the part of the defendant's agents or employees, stepped back and tripped plaintiff or if you find that plaintiff was not tripped by the passenger, they will find for the defendant."

The negligence relied on in the petition was the crowded condition of the platform of the car, but plaintiff's evidence did not tend to support this issue. On the contrary, her evidence showed that there was only one passenger on the exit side of the car, and that when the motorman attempted to open the door, either he came in contact with the passenger or the passenger stepped back to get out of the way and tripped and shoved plaintiff off her balance, and though no such issue was presented by the pleadings, the jury was told in substance to find for plaintiff if the defendant negligently allowed the passenger to stand upon the front of the platform to the right of the motorman and the motorman in opening the door of the car negligently came in contact with said passenger and caused him to step backward and to come in contact with plaintiff, thereby causing her injuries. It is apparent, therefore,

that the case pleaded was not proved, and the case proved was not pleaded. That being true, it was error to submit the case to the jury.

Other errors are relied on, but we deem it unnecessary to discuss them.

Judgment reversed and cause remanded for a new trial consistent with this opinion.