10780

FOSTER v. DAVIS, DIRECTOR GENERAL, *ET AL.*

(110 S. E. 121)

1.  CARRIERS—WHAT PROOF OF INJURY TO PASSENGER RAISES PRESUMPTION OF NEGLIGENCE STATED.—A presumption of negligence arises against a carrier on proof that a passenger on its train was injured as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier, or some defect in the instrumentalities of transportation.

2. CARRIERS—SUFFICIENCY OF TESTIMONY TO OVERCOME PRESUMPTION OF NEGLIGENCE FROM INJURY TO PASSENGER IS FOR THE JURY.—How much testimony is necessary to overcome the presumption of negligence from proof of injury to a passenger is a question of fact for the jury.

3. TRIAL—INSTRUCTION HELD NOT TO PERMIT QUOTIENT VERDICT.— A charge that it was improper to arrive at a verdict by adopting any arbitrary figure determined by each man putting a number into a hat and dividing the aggregate by twelve. was not rendered erroneous nor destroyed by a clause therein that such charge did "not destroy the right of the jury to arrive at a verdict in the usual way."

Before PEURIFOY, J., Sumter, April, 1921. . Affirmed.

Action by Harriet N. Porter against Atlantic Coast Line R. R. Co., for which was substituted James C. Davis as Agent of the United States and Director General of Railroads, and H. M. Tilton. From judgment for plaintiff the defendants appeal.

*Messrs. Barron, McKay, Frierson & McCants, Reynolds. & Reynolds,* and *A. L. Hardee,* for appellants, cite:    *Railroad Company not liable for accident caused by latent defect not discoverable by due diligence and proper inspection:* 273 Fed., 928; 14 Ill. App., 510; 38 Mich., 537; 64 Penn. St., 225; 3 Am. Rep., 581; 34 S. W., 165; 62 S. E., 385; 27 Fed., 724; 83 So., 102; 62 N. E., 955 (Mass.)  *Quotient verdict:*    29 Cyc., 812.

*Messrs. L. D. Jennings, John H. Clifton* and *A. S. Harby,* for respondent, cite:    *Presumption of negligence where passenger is injured:*  82 S. C., 345; 64 S. E., 401; 85 S. C., 301; 67 S. E., 302; 102 S. E., 11.    *Question of whether accident was caused by latent defect is for the jury:*  86 S. C., 98; 67 S. E., 899.    *Only witnesses as to defect were interested witnesses, being charged with inspection of tracks:* Moore on Facts, 131; 189 N. S., 354; 9 Rich. L., 342.

· December 19, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This case was begun by service of summons and complaint on the defendants, the 10th day of July, 1919. The action was originally against the Atlantic Coast Line Railroad Company and H. M. Tilton, but the complaint was amended before trial by substituting James C. Davis, as Agent of the United States of America and Director General of Railroads, in the place of Atlantic Coast Line Railroad Company. In due course trial was had before Hon. James E. Peurifoy, presiding Judge, and a jury at the spring term of Court of Common Pleas for Sumter County, April, 1921, and a verdict returned by the jury, 'We find for the plaintiff the sum of sixteen thousand dollars.' Motion for new trial was made and refused, and defendants duly served notice of intention to appeal to the Supreme Court of South Carolina from the judgment which was duly entered on said verdict."

The complaint, omitting the first paragraph, which is formal, is as follows:

"(2) That plaintiff was a passenger on train of defendant on or about 24th of November, 1918, when said train was wrecked, and plaintiff was thrown violently from her seat, was cut and bruised, and her hand mashed in such manner that one of her fingers had to be amputated. That her leg was bruised and severely injured, causing her much pain, suffering and expense for medical treatment, etc., loss of time from her profession, that pains are no better, and plaintiff is informed and believes that she will continue to suffer much pain, expense and loss of time by reason of said injuries.

"(3) That defendant Tilton at time in question was in the employ of the defendant company as section master and in charge of that portion of track where wreck occurred.

"(4) That wreck was caused and the plaintiff injured and damaged because the defendants negligently, willfully

and recklessly failed to keep that portion of the track in repair where the wreck occurred and properly inspect same and detect and remove therefrom a broken and defective rail. That defendant company negligently failed to provide rails of sufficient strength. That the engineer in charge of said train failed to keep proper lookout and failed to detect a broken rail on said track. That defendant company and its agents in charge of said train negligently, willfully, etc., ran same at a high rate of speed, thus causing same to depart from the track and break the rails.

"(5) That the plaintiff was and still is a trained nurse, without any means to speak of. That she and her two children have to depend upon her earnings. That she is a widow woman. That because of said injuries plaintiff has been and is informed and believes that she will continue to be incapacitated from following her profession as a trained nurse, and deprived of the means of supporting herself and children.

"(6) That above acts and omissions of the defendants were willful, reckless and negligent, and jointly and severally contributed to plaintiff's injury and damage as proximate causes thereof, to plaintiff's damage in the sum of $40,000.00."

The answers of the defendants were both general denials which put in issue the allegations of the complaint.

At the close of the testimony defendants moved for a direction of a verdict on the ground that no actionable negligence or willfulness had been shown by the plaintiff. The motion was refused, the Court saying:

"I don't think I could say, as a matter of law, that the presumption arising from injury has been overcome, and I don't—I think the matter should be submitted to the jury."

The jury rendered a verdict in favor of the plaintiff for $16,000.00 and the defendant appealed upon the following exceptions:

"(1) The presiding Judge erred in overruling the defendant's motion for a directed verdict on the ground (1) that the only reasonable inference to be drawn from the entire testimony was that the defendant had furnished a standard rail and that it had properly exercised its duty to the plaintiff in the manner of inspection of said track; and (2) on the ground that even if the jury might determine that the defendant failed to exercise a proper degree of care in the inspection of the rail, yet nevertheless such failure could in no wise constitute a proximate cause of the injury, since the only reasonable inference to be drawn from the testimony is that the defect in the standard rail provided was such as was not evident and could not have been detected by inspection.

"(2) His Honor, after charging the jury that it was improper to arrive at a verdict by adopting any arbitrary figure determined by each man putting a number into a hat and dividing the aggregate by twelve, erred in adopting counsel for the plaintiff's modification of that charge to the effect that such charge did 'not destroy the right of the jury to arrive at a verdict in the usual way'; such modification destroying the force of the charge as to the impropriety of a quotient verdict and practically authorizing them to arrive at a verdict in any way, provided it was the usual way."

We proceed to the consideration of the first exception.

In an elaborate argument of 19 pages, showing marked research, the appellants' attorneys were not able to find a single decision in the reports of this Court sustaining this exception.

"According to the rule in this State, a presumption of negligence arises against the carrier, on proof that a passenger on its train was injured as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier, or some defect in the instrumentalities of transportation." *Sutton v. Ry.,* 82 S. C., 345; 64 S. E., 401.

In a well-considered and able opinion by Mr. Justice Fraser, who spoke for this Court in *Thompson v. Ry.*, 113 S. C., 261; 102 S. E., 11, these words were used:

"When a passenger is injured by an instrumentality of the common carrier there is a presumption of negligence. How much testimony is necessary to overcome this presumption is a question of fact for the jury."

We do not deem it necessary to cite other authorities to show that this exception cannot be sustained.

The second exception cannot be sustained for the reason that there was no suggestion on the part of his Honor, the presiding Judge, that the method of arriving at a verdict, by adopting the quotient plan, was the usual way.

Affirmed.