## 11629

### DURST *ET AL.* v. SOUTHERN RAILWAY CO. *ET AL.*

#### (125 S. E., 651)

1. CARRIERS—COMPLAINT HELD TO BASE RIGHT TO RECOVER FOR INJURIES TO PASSENGER SOLELY ON NEGLIGENCE OF EMPLOYEE JOINED WITH RAILROAD AS DEFENDANT.—In passenger's action against railroad and employee for injuries sustained when lamp slipped from employee's hands and struck passenger's head, complaint *held* to base right to recover solely upon negligence of defendant employee, precluding recovery on proof of other negligence.

2. CARRIERS—PASSENGER, HAVING BASED RIGHT TO RECOVER ON NEGLIGENCE OF EMPLOYEE MADE CODEFENDANT, COULD NOT RECOVER ON PROOF OF OTHER NEGLIGENCE.—Passenger, having based right to recover in action against railroad and employee solely upon negligence of defendant employee, could not recover without general allegation of negligence on part of railroad, on proof of negligence of railroad not so pleaded.

3. CARRIERS—PASSENGER BASING RIGHT TO RECOVER SOLELY ON EMPLOYEE'S NEGLIGENCE COULD NOT RECOVER AGAINST RAILROAD ALONE.—In passenger's action against railroad and employee, in which the right to recover was based solely on the negligence of such employee, and in which there was no general allegation of negligence on part of railroad, passenger could not recover against railroad alone.

Before TOWNSEND, J., Richland, Spring Term, 1922. Reversed and remanded.

Action by Mrs. George W. Durst, Jr., and husband against Southern Railway Company and another. Judgment for plaintiffs against the defendant Railway Company and it appeals.

*Mr. Frank G. Tompkins,* for appellant, cites: *Recovery must be based on proof of negligence as alleged in the complaint:* 33 S. C., 198; 45 S. C., 278; 57 S. C., 278; 82 S. C., 349; 59 L. R. A., 209. *In joint action, verdict must be rendered against both master and servant:* 106 S. C., 21;

Note: On pleading particular cause of injury as waiver of right to rely on *res ipsa loquitur,* see notes in 24 L. R. A. (N. S.), 788; L. R. A. 1915F, 992.

109 S. C., 146. *Special damages not pleaded:* 106 S. C., 377; 89 S. C., 535; 82 S. C., 469; 91 S. C., 417; 71 S. C., 211. *Counsel's argument out of record, if objected to, is ground for mistrial:* 77 S. C., 404; 26 S. C., 118; 80 S. C., 352; 138 U. S., 361; 88 S. C., 229; 92 S. C., 236; 94 S. C., 26.

*Messrs. Melton & Belser,* for respondents, cite: *Testimony given wide range:* 65 S. C., 502; 69 S. C., 387; 82 S. C., 345. *Burden on appellant to show that testimony was not only erroneous but material and prejudicial:* 72 S. C., 350; 76 S. C., 275; 88 S. C., 80; 87 S. C., 415; 63 S. C., 559; 70 S. C., 295; 96 S. C., 385; 86 S. C., 78. *Exclamation as to physical condition relevant:* Jones Evid., Sec. 349; 65 S. C., 1. *Res gestae:* 100 S. C., 375. *Admission of testimony:* 95 S. C., 9; 91 S. C., 523; 88 S. C., 217; 82 S. C., 87; 93 S. C., 97; 78 S. C., 143—*as to negligence:* 69 S. C., 387; 82 S. C., 345; 99 S. C., 425—*as to discretion of trial Judge:* 65 S. C., 1; 104 S. C., 16; 110 S. C., 377; 83 S. C., 58; 98 S. C., 121; 69 S. C., 72—*as to hospital record:* 74 S. C., 332; 22 C. J., 902; 88 N. Y. S., 767; 137 N. Y. S., 529; 92 Fed., 884; 87 Vt. 104; 18 L. Ed., 186; 125 Pac., 1058; 105 Atl., 620; 192 S. W., 636; 64 Atl., 1026; 88 N. E., 773; 70 N. E., 930; 99 Mass., 40; 98 Alt., 437; 137 N. Y. S., 529; 127 N. Y. S., 506; 88 N. Y. S., 1; 129 N. Y. S., 196; 86 Atl. 478. *Evidence in reply:* 81 S. C., 432; 89 S. C., 97; 66 S. C., 23; 76 S. C., 135; 76 S. C., 529; 79 S. C., 120. *Introduction of evidence:* Jones Evid., Sec 19, 20; 144 Fed., 980; 4 Rich., 329. *Exception does not conform to rule:* 93 S. C., 367; 100 S. C., 276; 100 S. C., 43; 99 S. C., 217. *Presumption of negligence:* 99 S. C., 425; 113 S. C., 261; 118 S. C., 153. *Master and servant have a joint and several liability in action for tort:* 65 S. C., 341; 68 S. C., 55; 84 S. C., 283; 82 S. C., 382; 82 S. C., 345; 99 S. C., 234; 65 S. C., 332.

December 10, 1924.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action by Mrs. George W. Durst, Jr., with whom her husband was joined as plaintiff, for damages on account of alleged personal injuries received by her while a passenger upon the train of the defendant company, caused by the negligence of the defendant Williams, flagman on the train.

It appears from the undisputed evidence that the immediate injury to Mrs. Durst happened in this way: Above the aisle of the car about midway there was a large kerosene lamp, which rested in a bracket attached to the ceiling; it was held in place by a catch; on the trip, at night, the lamp began to smoke, and the flagman was sent for; in attempting to detach the lamp from the bracket or to correct the smoking, he allowed the lamp to slip from his hands, and in falling it struck the head of Mrs. Durst, fell on her lap, and thence to the floor; the smoking wick was extinguished without further damage than to the clothes of Mrs. Durst; the lamp did not explode. Mrs. Durst continued on to her destination, Batesburg, where she stayed for 3 days, returning to Columbia, and thence to her home in Charleston. She was in a delicate condition at the time, and asserts that the blow and excitement caused great nervousness and suffering, which eventuated in hospital treatment and a miscarriage, which occurred in March, 1922, after the accident in December.

The Circuit Judge in his charge eliminated the matter of punitive damages. The jury rendered a verdict in favor of the plaintiff for $4.000. It does not distinctly appear in the record whether this verdict was against the railway company alone, or against the railway company and in favor of the codefendant flagman, although counsel for both sides have argued the case as if it had been against the railway company alone, and we will assume that such was the case.

It will not be necessary to consider any of the exceptions other than that portion of the 12th, which assigns error to the Circuit Judge in charging that the jury could find a verdict against the railway company alone. From his ability and learning it must be assumed that the Circuit Judge was familiar with the established rule in this state, that in an action against the master and servant jointly, based solely upon the negligence of the servant, a verdict against the master alone will not be allowed to stand. *Sparks v. Railroad Co.,* 109 S. C., 145; 95 S. E., 344. *Jones v. Railroad Co.,* 106 S. C., 20; 90 S. E., 183. *Sparks v. Railroad Co.,* 104 S. C., 266; 88 S. E., 739. He specifically charged the jury:

"If the lamp in question was overturned and fell in consequence of, and as a proximate result of, the failure of the defendant company to use such care, it would be responsible to plaintiff for any injuries, if any there were, thereby occasioned to her, *regardless of whether or not the defendant Williams was also negligent in handling* the lamp. * * * If however Williams was not negligent in handling the lamp, and did not negligently cause its fall, he would not be liable to plaintiff for any damages. If, however, the company was negligent in failing to use proper care to keep the lamp secure and in causing it to be overturned or to fall, *through some agency other than Williams,* then under such circumstances the company alone would be liable to Mrs. Durst, while Williams would not be."

Over the objection of the defendant Railway Company, the Circuit Judge allowed other evidence than that tending to sustain the specific act charged to the flagman, which evidence tended to show that the lamp was out of date, that it should have been fixed long ago, and that the fall was due to the negligence of some other servant than the flagman.

It is absolutely clear, therefore, that the Circuit Judge, in charging that recovery could be had against the railway company alone (the error assigned in the exception under

consideration), based it upon some other act of negligence on the part of the railway company, separate and distinct from the act of negligence charged to the flagman, and imputed to the railway company under the principle of *respondeat superior.* The correctness of this declaration depends upon the following inquiries : (1) Does the complaint base the plaintiff's right to recover damages solely upon the alleged negligence of the flagman? (2) If so, has the plaintiff the right to recover upon the presumption of negligence which arises from the fact of injury to a passenger by some instrumentality of the carrier, or upon some specific act of negligence on the part of the carrier not alleged in the complaint?

As to the first inquiry : That the complaint counted upon a specific and detailed act of the flagman appears indisputably from the fourth and fifth paragraphs, which alone bear upon the question :

"(4) That while the plaintiff, Mrs. George W. Durst, Jr., was traveling on such train, Lonnie P. Williams, one of the defendant's agents or employees, negligently, willfully, and wantonly overturned an oil lamp and tank upon the plaintiff, the said lamp or tank striking the plaintiff upon her head, thereby injuring and bruising same, the oil and smoke therefrom damaging and ruining all of her clothing and wearing apparel.

"(5) That said acts on the part of the defendants were due to their negligence, carelessness, willfulness and wantonness in (a) allowing the said lamp and tank to overturn and strike plaintiff's head; and (b) in allowing the said lamp and tank to explode and smoke therefrom to spatter over plaintiff's clothing."

The fourth paragraph is a direct and specific description and charge of a negligent act on the part of Williams; the expression in the fifth paragraph, "that said acts on the part of the defendants," could only refer to the conduct of Wil-

liams described in paragraph 4. The Circuit Judge so ruled, without objection:

"The Court: But you specify through whom the defendant was acting.

"Mr. Belser: Yes, sir; here in the last allegation (paragraph 5), we say that it was due to the carelessness, willfulness, and wantonness on the part of the defendants.

"The Court: Yes, sir; and take that in connection with the fourth allegation (paragraph 5), and you find that it is the negligence of the defendant railroad, acting through Williams, which you allege."

2. As to the second inquiry: The general rule is that in an action for damages resulting from a personal injury, due to the negligence of the defendant, the plaintiff may make a general charge of negligence, which is good against a demurrer; but that when he makes a specific act the basis of his charge of negligence, he is confined to evidence tending to sustain that charge. *Fell v. Railroad Co.*, 33 S. C., 198; 11 S. E., 691. *Jenkins v. McCarthy*, 45 S. C., 278; 22 S. E., 883. *Brown v. Railroad Co.*, 57 S. C., 435; 35 S. E., 731. *Sutton v. Railroad Co.*, 82 S. C., 345; 64 S. E., 401. *King v. Railroad Co.*, 6 Idaho, 306; 55 P., 665; 59 L. R. A., 209. *Spires v. Railroad Co.*, 47 S. C., 28; 24 S. E., 992, and other cases cited in these cases.

It must be conceded that under the case of *Sutton v. Railroad Co.*, 82 S. C., 345; 64 S. E., 401, in case of an injury to a passenger, where there is a general allegation of negligence against the carrier, coupled with a specific act of negligence on the part of an employee, upon failure to establish the specific act, the carrier is not entitled to be acquitted; the case should be submitted to the jury, under the rule of presumption of negligence following an injury to a passenger, resulting from some instrumentality or agency of the carrier. This is not at all a modification of the general rule, but in line with the case of *Spires v. Railroad Co.*, 47 S. C., 28; 24 S. E., 992, which permits evi-

dence of specific acts under a general allegation of negligence
not objected to.    See the cases of *Prescott v. Railroad Co.*,
99 S. C., 422; 83 S. E., 781, where the *Sutton Case* is spe-
cifically referred to as one containing general allegations of
negligence against the carrier, as well as specific acts against
the servant.    Such also is the case of *Porter v. Davis,* 118
S. C., 153; 110 S. E., 121.    The case at bar, however, con-
tains no general allegation of negligence aginst the carrier,
but the pleader has relied solely upon the specific act of the
flagman and the imputed liability of the carrier on account
thereof.    It is clearly therefore distinguishable from the
*Sutton Case.*

In the absence of a general allegation of negligence on
the part of the master, no valid reason appears for departing
from the salutary rule, that the plaintiff must rely upon the
specification made.    After stating the general rule as de-
clared in the *Spires Case,* it is said in 10 C. J., 1015, as ap-
plied to carrier and passenger cases.

"Where the allegations as to the defendant's negligence
are specific, the proof also must be specific and must con-
form to the facts alleged.    This rule has been held to apply
notwithstanding such specific allegations are unnecessary."

In *Orcutt v. Century Co.,* 201 Mo., 424; 99 S. W., 1062;
8 L. R. A. (N. S.), 929, the Court says:

"Courts draw a distinction between cases wherein general
allegations of negligence are found, and those wherein are
found specific allegations of negligence.    We refer now
more particularly to cases wherein the relation of passenger
and carrier exists.    The rule which shifts the burden of
proof in such cases is founded on the theory that the rail-
way company is in a position to know the facts, and to show
the facts, whilst the passenger is not in such position.    But;
if the plaintiff by his petition alleges the exact specific acts
of negligence, it is evidence that he also knows the facts,
and, so knowing, then there is no reason for invoking the
rule of presumptive negligence.    The general rule in cases

other than the class above referred to is that the plaintiff must establish his case by the preponderance of evidence, and in that class of cases the presumption of negligence is only indulged, in our judgment, for the reason aforesaid. However, if the plaintiff possesses knowledge of the facts, and is able to plead them specifically and in detail, the reason for the rule disappears, and with it the rule itself."

In *Hamilton v. Metropolitan Co.,* 114 Mo. App., 504; 89 S. W., 893, it is stated:

"Under this rule it is unnecessary for the plaintiff, in such case, to specify in his petition the negligent acts that produced his injury.   It is sufficient for him to charge in general terms that he was injured while being carried as a passenger, as a result of the negligence of the carrier.   But when the plaintiff chooses to allege in his petition the specific acts of negligence of which he complains, he assumes the burden of proving them, and as in other cases must recover, if at all, upon the negligence pleaded."

In *Birmingham R. Co. v. O'Brien,* 185 Ala., 617; 64 So., 343, the rule, in entire harmony with the *Sutton Case (supra)*, is declared, that where the complaint, instead of charging negligence generally, pleads specific acts of negligence proximately causing the injury, the sufficiency of the pleading is tested by the same rules as cases where the relation of passenger and carrier is not present.   The *Sutton Case* must be differentiatel upon the ground that there the complaint contained a general charge of negligence against the carrier. The Court said:

"While the pleader might well have concluded without specifying any negligence proximately productive of the plaintiff's injury, yet it was undertaken in these counts; and, having done so, the sufficiency of the counts, as well as the self-imposed burden to support the particular negligence averred, were subject to the usual rules of pleading and proof burden applicable to cases where the relation of passenger and carrier is not present if she sees fit to implead

the carrier according to a standard below that the law creates for the protection of those standing in the relation of passenger, and in the same breath shows that the relation existed, we know of no legal objection to the sacrifice thus made."

In *Railroad Co. v. Weathers,* 20 Ga., 475; 47 S. E., 956, it is said:

"If there can be no recovery for acts of negligence not alleged in the petition, it follows as a logical conclusion that there is no presumption of negligence against the company other than as to acts alleged by the petitioner to have been negligent."

In *Williams v. Hines,* 80 Fla., 699; 86 So., 695 (quoting syllabus by the Court), it is said: .

"In a case brought against the director general * * * and a locomotive engineer, the servant of such director general, for damages for injuries resulting to the plaintiff solely because of the negligence of such engineer, * * * no recovery can be had for other negligence than that alleged in the declaration."

In *Hines v. Hendricks,* 25 Ga. App., 682; 104 S. E., 520, it is said:

"The presumption which arises against a railway company upon proof of injury sustained by the operation of its cars extends only to the acts of negligence charged by the petition."

In *Railroad Co. v. Schied,* 186 Ky., 452; 217 S. W., 124, in an action by a passenger for personal injuries based upon a specific allegation of negligence which was not proved, it was held error to permit a recovery upon any other act or presumption.

In *Roberts v. Railroad Co.,* 14 Cal. App., 180; 111 P., 519, 527, is presented a parallel to the *Sutton Case.* It was held that where a passenger pleads special and general allegations of negligence, the presumption of negligence arose on proof of plaintiff's injury while a passenger. In *Sullivan v.*

*Traction Co.,* 34 App. D. C., 358, it was held that where the passenger pleads specific acts of negligence, the burden is upon him to prove them, and that he does not make out a *prima facie* case calling for rebuttal by merely proving that he was a passenger and the occurrence of an accident by which he was injured. In *Thompson v. Railroad Co.,* 113 S. C., 261; 102 S. E., 11, there was a general charge of negligence against the railroad company, and it was properly held that the rules of presumption applied.

There being no general allegation of negligence against the carrier in the case at bar, the utmost extent to which the rule of presumptive negligence could be applied is to the act of the flagman. Injury having resulted from an act of his, by means of an instrumentality of the carrier, negligence as to his act is presumed, but that established gave the plaintiff no right to recover against the carrier alone. In a note to 24 L. R. A. (N. S.), 788, it is said:

"A third class of cases, and these seem to present the more reasonable rule, hold that, where a plaintiff makes specific allegations of negligence, he must rely for his recovery upon such specific acts of negligence, and cannot recover for any other negligent acts; but he is not deprived of the benefit of the doctrine of *res ipsa loquitur* to establish the specific acts of negligence."

In *Palmer v. Chenall,* 119 Ga., 837, 47 S. E., 329, this precise view of the question was sustained; that where only a specific act is alleged, the plaintiff may not rely upon the presumption except as to that act. So in *Johnson v. Railroad Co., 27* Tex. Civ. App., 616; 66 S. W., 906, it was held:

"While the fact of the accident might be considered as tending to establish negligence generally, the plaintiffs, by reason of the form of their pleadings, had abandoned the right to use it except in so far as it might aid in establishing the negligence alleged."

To the same effect is *Railroad Co. v. Sheeks,* 155 Ind., 74; 56 N. E., 434. In *Washington Co. v. Smith,* 53 App. D. C., 184; 289 F., 582 (May 7, 1923), it was held (quoting syllabus) :

"A declaration alleging that defendant was a carrier of passengers, and so grossly and negligently managed and operated a brake on the car in which plaintiff was a passenger that the brake was released, and the handle flew back and struck plaintiff, does not authorize recovery for injuries caused solely by defective appliances."

It will be observed that there are several conditions of the pleadings and evidence under which this question arises: (1) When there is a general allegation of negligence against the carrier. The presumption attaches under the familiar circumstances stated. (2) When there is a general allegation of negligence against the carrier and a specific charge against the servant. Many cases hold that the general allegation is explained and limited by the specific allegation and that the presumption does not apply. The *Sutton Case,* however, holds to the contrary, and is the law of this State. Although the plaintiff may fail in his specific allegation, he may rely upon the presumption and recover upon any other ground of negligence. (3) When there is no general allegation against the carrier but a specific allegation against the servant. That condition is presented here.

The Court cannot shut its eyes to the common practice and purpose of joining a perhaps impecunious servant as a party defendant with the master. It is a perfectly legitimate practice, and although we may know to a moral certainty that the purpose is to prevent a removal to the federal Court, it has been decided that the plaintiff's purpose in doing a lawful act could not be inquired into or affect his right to choose his tribunal. At the same time his enjoyment of this conceded privilege must be taken with its concomitant disadvantages.

The plaintiff has come into Court upon the allegation of joint liability on the part of the master and the servant, based upon the alleged act of the servant. It is only upon this theory that the right of the defendant corporation to remove the case is defeated. If the complaint contains a cause of action based upon an independent personal act of the master, apart from his imputed liability for the act of the servant, the case would be removable. *Chesapeake R. Co. v. Cockrell,* 232 U. S., 146; 34 S. C., 278; 58 L. Ed., 544. *McIntyre v. Railroad Co.* (*C. C.*), 131 F., 985. *Evansberg v. Ins. Co.* (*C. C.*), 168 F., 1001. *Adderson v. Railroad Co.* (*C. C.*), 177 F., 571. *Marach v. Columbia Box Co.* (*C. C.*), 179 F., 412. *Bainbridge Grocery Co. v. Railroad Co.* (*C. C.*), 182 F., 276. *Cayce v. Railroad Co.* (*D. C.*), 195 F., 786. *Nichols v. Railroad Co.,* 195 F., 913; 115 C. C. A., 601. *Puckett v. Power Co.* (*C. C.*), 248 F., 353. *Trivette v. Railroad Co.,* 212 F., 641; 129 C. C. A., 177. *Railroad Co. v. Edwards,* 115 Ga., 1022; 42 S. E., 375.

It would be unfair to allow the plaintiff to take a position now, which if clearly stated and taken then, would have afforded the corporation defendant the opportunity of selecting its tribunal, a privilege apparently greatly prized by the plaintiff.

For the reasons above stated, it is apparent that the first, second, and third requests of the defendant should have been allowed.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. JUSTICE MARION and ACTING ASSOCIATE JUSTICE MORGAN concur.

MR. CHIEF JUSTICE GARY did not participate.

ACTING ASSOCIATE JUSTICE B. A. MORGAN (concurring) : Action by Mrs. George W. Durst, Jr., with whom her husband was joined as plaintiff, for damages on account of alleged personal injuries received by her while a passenger

upon the train of the defendant company, caused by the negligence of the defendant Williams, flagman on the train.

It appears from the undisputed evidence that the immediate injury to Mrs. Durst happened in this way: Above the aisle of the car, about midway, there was a large kerosene lamp, which rested in a bracket attached to the ceiling; it was held in place by a catch; on the trip, at night, the lamp began to smoke and the flagman was sent for; in attempting to detach the lamp from the bracket or to correct the smoking, he allowed the lamp to slip from his hands, and in falling it struck the head of Mrs. Durst, fell on her lap and thence to the floor; the smoking wick was extinguished without further damage than to the clothes of Mrs. Durst; the lamp did not explode. Mrs. Durst continued on to her destination, Batesburg, where she stayed for three days, returning to Columbia, and thence to her home in Charleston. She was in a delicate condition at the time, and asserts that the blow and excitement caused great nervousness and suffering, which eventuated in hospital treatment and a miscarriage, which occurred in March, 1922, after the accident in December.

The Circuit Judge in his charge eliminated the matter of punitive damages. The jury rendered a verdict in favor of the plaintiff for $4,000. It does not distinctly appear in the record whether this verdict was against the railway company alone, or against the railway company and in favor of the codefendant flagman, although counsel for both sides have argued the case as if it had been against the railway company alone, and we will assume that such was the case.

It will not be necessary to consider any of the exceptions other than that portion of the 12th which assigns error to the Circuit Judge in charging that the jury could find a verdict against the railway company alone. He specifically charged the jury:

"If the lamp in question was overturned and fell in consequence of, and as a proximate result of, the failure of the

defendant company to use such care, it would be responsible
to plaintiff for any injuries, if any there were, thereby oc-
casioned to her, regardless of whether or not the defendant
Williams was also negligent in handling the lamp.   * * *
If, however, Williams was not negligent in handling the
lamp, and did not negligently cause its fall, he would not
be liable to plaintiff for any damages.   If, however, the
company was negligent in failing to use the proper care to
keep the lamp secure and in causing it to be overturned or to
fall, through some agency other than Williams, then under
such circumstances the Company alone would be liable to
Mrs. Durst, while Williams would not be." (The forego-
ing is taken from the opinion of Mr. Justice Cothran.)

The bare fact of injury does not raise a presumption of
negligence. *Anderson v. Railway,* 77 S. C., 436; 58 S. E.,
149; 122 Am. St. Rep., 591. There may be a charge of
negligence specific, general, or both. A general charge may
be made, and an injury alleged to be in consequence thereof,
and the injury proven, then negligence is presumed to have
occasioned the injury, and the burden shifts to the railroad
company. Allegations may be general as against the railroad
and specific as to the servant or employee. The plaintiff
may fail to establish the specific act and yet the railroad is
subject to further pursuit and if the injury is proven under
the allegations general, the railroad cannot escape except by
force of the preponderance of its own testimony. *Sulli-
van v. Railway,* 82 S. C., 345; 64 S. E., 401. *Porter v.
Davis,* 118 S. C., 153; 110 S. E., 121. *Prescott v. Rail-
road,* 99 S. C., 422; 83 S. E., 781.

The allegations of negligence in this case were specific.
The injury was the result of the flagman letting the lamp
slip from his hands, which act is designated as his negligence,
and it is the only negligence that is charged. It was error to
admit evidence over objections, as to matters not alleged.
Under the allegations of the complaint, if it is sought to
hold the railroad company alone responsible because the in-
jury was inflicted by some instrumentality of the railroad,

disconnected from the act of the flagman, we would have only the bare fact of the injury, for which there would be no recoverable liability. *Anderson v. Railroad, supra. Williams v. Hines,* 80 Fla., 690; 86 So., 695. *Railroad Co., v. Weathers,* 120 Ga., 475; 47 S. E., 956. *Railroad Co. v. Schied,* 186 Ky., 452; 217 S. W., 124. The act of the flagman is the sole connecting link and, which, however, is the only negligent act alleged. It was error to charge the jury under the allegations of the complaint, that a verdict could be returned against the railroad alone. *Jones v. Railroad,* 106 S. C., 20; 90 S. E., 183. *Schumpert v. Railroad,* 65 S. C., 388; 43 S. E., 813; 95 Am. St. Rep., 802.

Mr. Justice Fraser (dissenting) : I cannot concur in the opinion of Mr. Justice Cothran. It is true the allegation of negligence was that of the flagman, Williams, but Williams and the Railroad Company did not stand in the same relation to the plaintiff. There was evidence that the plaintiff, a passenger, was injured by an instrumentality of the company, and there was a presumption of negligence against the Railroad Company. There was no such presumption against Williams. When the plaintiff showed that she was a passenger, and that she was injured by the falling lamp, she had the right to stop, for the negligence of the Railroad Company was presumed. The plaintiff had to prove negligence against Williams. The railroad company had to disprove negligence against itself.

This case is not like the *Sparks Case,* 104 S. C., 266; 88 S. E., 739. In that case if Conductor Jones did not throw the deceased from the train, then the deaceased was not thrown from the train. "If the conductor did not do the physical act of ejection, there was no chance for the general manager to do it."

This case is like the case of *Carter v. Southern Railway,* 93 S. C., 329; 75 S. E., 952. In that case the allegation was that it was the negligence of the engineer. The proof showed that it was the negligence of the fireman, and a verdict

against the railroad alone was sustained.    For these reasons, I dissent.

. MR. JUSTICE WATTS concurs.