[Birmingham Railway, Light & Power Co. v. O'Brien.]

# Birmingham Railway, Light & Power Co. *v.* O'Brien.

## *Injury to Passenger.*

(Decided January 22, 1914. 64 South. 343.)

1. *Carriers; Passengers; Relation; Termination.*—Where the passenger on a street car stepped off at her destination, and attempted to cross the track in the rear of the car when her foot became entangled in a wire attached to the car, so that she was thrown down and injured when the car started, the relation of passenger and carrier had not terminated.

2. *Same; Pleading; Negligence.*—Where the action was by a passenger for injuries while alighting from a street car and the complaint set up specific acts of negligence proximately causing the injury, but did not charge negligence generally, the sufficiency of the counts is to be tested by the same rule as in cases where the relation of passenger and carrier is not present.

3. *Same; Burden of Proof.*—In such a case the self-imposed burden of proving the particular negligence alleged in the complaint is governed by the same rules applicable to other cases.

4. *Same; Jury Question.*—Where a count in the complaint charged that the wire which caught and dragged plaintiff had been negligently attached to the car, the burden was on complainant to show the particular negligence alleged, and in the absence of evidence tending to support such an averment, defendant was entitled to the general affirmative charge as to that count.

5. *Same; Instruction.*—Where the action was by a passenger against a carrier for personal injuries by being caught and dragged by a wire attached to the street car, and there was evidence tending to show a want of due care on the part of conductor and motorman in stopping the car after the peril of plaintiff became known, charges which pretermit the obligation upon the conductor to promptly stop the car after knowledge of plaintiff's peril, or which predicate non liability upon a hypothesis omitting negligence on the part of either the motorman or conductor (there being evidence tending to show that each were negligent) were properly refused.

6. *Pleading; Demurrers; Specifications.*—Under section 5340, Code 1907, a general ground of demurrer, as that the counts required a greater duty than the law exacted, might be overruled without error.

7. *Evidence; Expert; Hypothetical Question.*—Where a plaintiff testified fully as to the character and effect of her injuries. and the attending physician testified as to her statement of her symptoms to him, a question to him about her present condition, based on the nature of her injuries, her age and the symptoms related by her, was

[Birmingham Railway, Light & Power Co. v. O'Brien.]

not objectionable as not being based on all the facts in the case, as the court could not say but what the symptoms related to him were identifical with those to which plaintiff herself testified.

8. *Same.*—A question to an expert need not incorporate every fact in evidence, but the questioner may take his view of the facts as a proper basis for the question.

9. *Appeal and Error; Harmless Error; Evidence.*—Where the purpose of a question was fully met in other parts of the examination in chief of the witness, the exclusion of the question cannot be said to be prejudicial error.

APPEAL from Birmingham Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Mrs. Annie O'Brien against the Birmingham Railway, Light & Power Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The following is the complaint:

Count 1. Plaintiff claims of defendant $20,000 as damages for that, heretofore, to wit, on or about the —— day of February, 1911, defendant was operating an electric railway in the city of Birmingham, running cars and carrying passengers for hire. That on or about said date the plaintiff became a passenger on one of defendant's street cars, and paid her fare. That when she reached her destination she stepped off said car and started to cross the track in the rear of said car in the direction of her home, and that her foot became entangled in a wire attached to said car, and when it started she was jerked down and dragged a long distance, hurt, and bruised, her flesh torn, her spinal column injured, and she has as a consequence of such injury, been confined to her bed almost constantly up to this time, and that she has suffered great mental and physical pain, has contracted large sums for doctor's bills in and about her treatment, and she alleges that her injuries were the proximate consequence of the negligence of the agents and servants of defendant who

were in charge and control of said car, which acting within the line and scope of their duty under their employment, in negligently allowing said wires to be attached to said car."

Count 5: Adopts count 1 down to and including the words "about her treatment" and adds: "Plaintiff avers that said car was under the management and control of the servants of defendant, whose names are to plaintiff unknown, and that her injuries were caused by reason of and as a proximate consequence of the negligence of said servants of defendant, in that they while acting within the line and scope of their said employment in the management or control of said car, negligently caused said car to drag plaintiff by said wire thereto attached."

Ground D of the demurrer is as follows: "For aught that appears plaintiff was not a passenger at that time."

"J. That the duty therein exacted of defendant's said servant is greater than that required by law."

The assignment of error relative to the witness Howard is as follows: "[Speaking of the motorman] Do you remember whether he said anything or not? Answer: I don't think he said anything; no, sir." To witness Swan: "Did you apply the brakes as soon as the passenger told you there was something the matter?"

The following is charge 1: "The court charges the jury that if you believe the evidence in this case, you cannot find for plaintiff on account of any negligence on the part of defendant or its agents or servants, in allowing the wire which caught plaintiff to become attached to said car."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The complaint was demurrable.

and the court erred in overruling the demurrers interposed.—*Rep. I. & S. Co. v. Williams,* 53 South. 76; *B. R. L. & P. Co. v. Fox,* 55 South. 1013; *L. & N. v. Holland,* 164 Ala. 73; *Gadsden U. R. R. Co. v. Julian,* 133 Ala. 371; *Ensley Ry. Co. v. Chewning,* 93 Ala. 25 The court erred in permitting the hypothetical questions objected to.—Jones on Evid. sections 375-6; 187 U. S. 160; 65 Pac. 595; 107 N. W. 364; 82 S. W. 89; 96 N. Y. Supp. 45; 33 Am. Rep. 821. The declarations of the motorman or conductor after the accident were not admissible.—*Mobile Co. v. Baker,* 158 Ala. 493; *Womack's Case,* 84 Ala. 149; *Chewning v. Ensley Ry. Co.,* 100 Ala. 493. Wantonness not being charged, evidence of it was not admissible.—*L. & N. v. Markee,* 103 Ala. 160. The provisions of section 5476, Code 1907, are without application to street railways, and there was no statutory imposition of the burden of proof upon defendant.— *Appel v. Selma St. & S. Ry. Co.* in MSS. Counsel discuss the theory of unavoidable accident, with citation of authority, but it is not deemed necessary to be here set out.

HUNDLEY, HOWARD & HUNT, for appellee. Under the authority of *B. R. L. & P. v. Fox,* 174 Ala. 657, there was no error committed by the court in its action on the pleadings. There was no error committed in its action on the evidence.—*Streety v. State,* 165 Ala.; 158 Ala. 493. Counsel discuss other matters raised by the various assignments of error, and upon the general question of the negligence they cite.—55 Am. St Rep. 642.

McCLELLAN, J.—Mrs. O'Brien, plaintiff appellee, was seriously injured under the circumstances to be stated. She boarded one of defendant's (appellant)

street cars, in the business district of Birmingham, to go to a home in the residence section of that city. She thus became a passenger of the common carrier. Upon arrival at her destination, Thirteenth avenue, she alighted, through the rear platform gate of the street car, on the right-hand side thereof, and turned to cross the track of the carrier a few feet behind the car, to go to the home, on the west side of the track, in which she was a guest. While she was on the track, behind the car, the car was put in motion; a strand of telephone or hay wire, attached to car and variously estimated by the witness to be from 10 to 22 feet in length, caught her foot in a loop at the loose end thereof, and dragged her, according to some of the evidence, about "31 steps," and to other evidence a much less distance. The place at which she was delivered by the carrier and where she alighted as at her destination appears to have been the usual stopping place for the reception and discharge of passengers on that line.

Under the doctrine pronounced and applied in *Melton v. B. R. L. & P. Co.*, 153 Ala. 95, 45 South. 151, 16 L. R. A. (N. S.) 467, it is clear that amended counts 1 and 5, which the report of the appeal will contain, show, by their averments, that the relation of passenger and carrier had not terminated when this injury was suffered by Mrs. O'Brien. While the pleader might well have concluded without specifying any negligence proximately productive of the plaintiff's injury, yet it was undertaken in these counts; and, having done so, the sufficiency of the counts, as well as the self-imposed burden to support the *particular* negligence averred, were subject to the usual rules of pleading and proof-burden applicable to cases where the relation of passenger and carrier is not present. If she sees fit to implead the carrier according to a standard. below that the law

creates for the protection of those standing in the relation of passenger, and in the same breath shows that the relation existed, we know of no legal objection to the sacrifice thus made.

It is insisted in argument that since these counts rely on simple negligence for a recovery, it was incumbent on the plaintiff to aver a state of fact that would exclude the idea that she was, when injured, a trespasser. It will suffice to say that no ground of the demurrer takes this particular point. From what we have said it results that ground but contradicted the counts, for they each contained averment of a state of fact that showed the relation of passenger unterminated.

Ground J asserted that a greater duty was exacted by these counts than the law exacted. Manifestly, if this ground is interpreted as other than a *general* ground of demurrer, it was opposed to averments of the counts. There is no ground of demurrer questioning the sufficiency of the counts in respect of the *place* whereat plaintiff alighted and was injured. There is no ground of demurrer objecting to the counts because of indefiniteness in respect of her distance from the car when she crossed the track in its rear. Our statute (Code, § 5340) requires the specification of objections to pleading. General grounds may be overruled without error.

Plaintiff, as the first witness in her behalf, had fully enumerated the character and effects of her injury when Dr. Davis, who had treated her five weeks, was examined. He was asked, by plaintiff's counsel, this question: "And from the nature of her injury and her age (shown in the previous evidence to be over 60 years) and the symptoms as related by her, I will ask you what about her condition at the present time?" The only plausible argument for error in overruling objections to the ques-

tion is that rested on the grounds that the question was not based on all the facts in evidence, or on the facts in evidence. The witness had testified that he had examined the plaintiff a short time before the trial, and that she had related to him her symptoms. The plaintiff had testified to her symptoms, and the doctor had himself already testified to her statement to him about her difficulty in going up and down stairs. We cannot, as indeed the court below could not, say that the symptoms related to the doctor and referred to in the question were not the identical symptoms to which the plaintiff had previously testified, and, if so, there could be no cause for defendant's complaint. The point counsel doubtless had in mind when the stated objections were interposed could have been readily made available on the cross-examination of Dr. Davis. It could not be the office of an objection to a question to an expert witness to assert the presence of factors not in evidence as importing infirmity into the question, nor of an objection to deny that the question propounded was deficient in the facts adverted to in the question.

Furthermore, we do not understand that a question invoking an expert's opinion must incorporate every fact in evidence. The examiner may, we apprehend, take his view of the facts as a proper basis for his question. There was no error in allowing the question quoted or in overruling the motion to exclude the answer thereto.

The assignments based on questions propounded to the witnesses Howard and Swan are without merit. Howard testified that the motorman said nothing when told of the plaintiff's condition behind the running car. If any statement by the operative had been then made, it would have been a part of the res gestæ and patently admissible. The purpose of the question to the witness

Swan, whether proper or not, was fully met in other parts of his examination in chief.

Special charge 1 was unhappily worded. In the use of the words "any negligence" it imports a self-contradiction. Evidently, the draftsman of the charge intended its effect to be that no recovery could be predicated of the nonnegligent attachment of the wire to the car. It does not so conclude. However, if this charge had been correctly framed, it would have been, in effect, the general affirmative charge as to amended count 1, and very like the usual form of affirmative charge which the defendant employed in framing charge 6 as to amended count 1. Under amended count 1, to which we referred to in the first of the opinion, the plaintiff assumed the burden of showing that negligence affected the attaching of the wire to the car. There is no evidence tending to support this affirmative averment. It was errer to refuse the general affirmative charge (6) as to amended count 1.

There was no error in the refusal of the other special charges requested by defendant. Several of these charges pretermit consideration of the diligence due from the conductor, after he knew of plaintiff's peril, to *promptly* exert himself to bring the car to a stop. Others of them conclude to nonliability upon hypothesis that omitted negligence upon the part of either the motorman or the conductor. There was evidence tending to show want of due promptness or care by each of them in bringing the car to a stop after plaintiff's peril was known.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.