[O'Brien v. Birmingham Railway, Light & Power Co.]

# O'Brien *v.* Birmingham Railway, Light & Power Company.

### Injury to Passenger.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 343.)

1. **Charge of Court; Invading Jury's Province.**—Where the action was for death caused by being dragged by a wire attached to a street car which caught in deceased's clothing, a charge asserting that the operatives of the car had the right to move the car as soon as deceased was clear of it, was invasive of the province of the jury and omitted reference to possible negligence on discovery of the deceased's peril, and its giving was error.

2. **Same.**—An instruction cannot be said to be merely misleading when its unavoidable effect is to invade the jury's province by excluding from consideration a material issue raised by the pleading and the evidence.

3. **Same; Conclusion.**—A charge asserting that if after fair consideration of all the evidence the minds of the jury were in a state of confusion whether plaintiff should recover, then they should find for defendant, was properly refused.

4. **Carriers; Injuries to Passengers; Instructions.**—A charge asserting that if injuries were sustained as the proximate consequence of a mere accident, the jury should find for defendant, must be interpreted as excluding culpable negligence, and hence, is proper.

5. **Same; Negligence.**—If the wire which caught deceased's clothing became accidentally attached to the street car while it was being operated, and its operatives had no knowledge of the presence of the wire, and were not negligent in failing to discover it, plaintiff could not recover on account of the negligence of the operative in allowing the wire to become attached to the car.

6. **Charge of Court; Want of Clearness.**—Charges may be well refused if wanting in that clearness that should characterize instruction to the jury; such as charge 5 in this case.

7. **Same; Applicability to Pleading.**—Where it was alleged that the wire which dragged plaintiff became accidentally attached to the car, it was propr to instruct that the operatives of the car were not required to anticipate its presence.

8. **Carriers; Injury to Passenger; Insurers.**—A carrier is not the insurer of its passengers.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Annie O'Brien against the Birmingham Railway, Light & Power Company, revived in the name of her administrator, for damages for injury to intestate while a passenger.

[O'Brien v. Birmingham Railway, Light & Power Co.]

Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The facts sufficiently appear in the opinion, and on the report of the former appeal. The following charges were given at defendant's instance:

·(2) If, after a fair consideration of all the evidence, your minds are left in a state of confusion as to whether or not plaintiff is entitled to recover, you must find for defendant.

(3) If you believe from the evidence that plaintiff's intestate sustained her injuries as a proximate consequence of mere accident, you must find for defendant.

(4) If the jury believe from the evidence that the wire which caught plaintiff was accidentally attached to defendant's car in its ordinary operation along the said Fifteenth street, and that those in charge of the car had no knowledge of the wire being caught behind said car, and were not negligent in failing to discover the wire, then you cannot find a verdict for plaintiff's intestate on account of the defendant or its agents or servants negligently allowing or causing said wire to become attached to the said car.

(5) If the wire which caught plaintiff's intestate was caught by defendant's car from the street in its ordinary operation therein, and those in charge of the car were not negligent in thereafter failing to discover or remove the wire, then the defendant company would not be liable for any injury resulting from the mere presence of the wire on the car without any negligence on the part of the crew in charge of the car.

(9) It was not the duty of the defendant's conductor to anticipate the presence of said wire behind its said car.

(10) It is not contended in this case that plaintiff's intestate died as a result of the injuries which she sustained in the street car accident.

(11) A street car company is not an insurer of the safety of its passengers.

(12) You cannot award plaintiff any damages on account of the death of plaintiff's intestate.

(13) Same as 11.

Oscar R. Hundley, M. W. Howard, and Luke P. Hunt, for appellant. Tillman, Bradley & Morrow, and E. L. All, for appellee.

McCLELLAN, J.—This action was considered here on a former appeal.—185 Ala. 617, 64 South. 343. After the appeal the plaintiff (Mrs. O'Brien) died, and the suit was revived in the name of her personal representative, her daughter. Mrs. O'Brien bore the relation of passenger to the defendant as a carrier when she became entangled in a wire attached to the rear of the street car from which she had just alighted at her destination.—185 Ala. 621, 64 South. 343. One of the issues involved in the previous trial, and in the subsequent review here, was whether the operatives of the car exercised due care and diligence to avert injury to her after they became aware of her peril from being dragged by the wire attached to the car. It was then said: "There was evidence tending to show want of due promptness or care by each of them [operatives] in bringing the car to a stop after plaintiff's peril was known."

The like issue was of the issues involved on the last trial below.

(1) At defendant's instance the court gave the jury the following special instruction: "No. 1. The court charges the [jury] that, if the presence of the wire attached to defendant's car was not due to some negligence on the part of the defendant, the motorman and conductor had the right to propel the car forward as soon as the plaintiff's intestate safely alighted from the car, and got clear of the car, so that she would not have been struck by the car under ordinary conditions, had no wire been attached to the car."

Our opinion is that this instruction invaded the province of the jury, taking from the jury the plaintiff's right, created of the evidence, to have the jury determine the stated controverted issue of subsequent negligence vel non on the part of the conductor and motorman, or of either, after he or they became aware of plaintiff's perilous situation behind the running car. According to the terms of the charge, the *unqualified* right of the operatives to propel the car forward was avowed, entirely omitting to qualify that right by appropriate reference to the condition of peril made by her situation at the time. It is not reasonably possible to *only* attribute to the instruction the less grave effect of a tendency to mislead, thereby imposing on the plaintiff the obligation to request explanatory instructions.

(2) No instruction can be said to be merely calculated to mislead the jury, when its unavoidable effect is to invade the jury's

province, by excluding from the jury's consideration a material issue raised by the pleading and the evidence. For this error the judgment must be reversed.

(3) Charge 2, given at defendant's instance, might have been refused without error. Indeed, the wiser course is to refuse charges of that type.—*A. G. S. Ry. Co. v. Robinson,* 183 Ala. 265, 270-272, 62 South. 813.

(4) Charge 3, given for defendant, is to be interpreted as excluding culpable negligence as the proximate cause of the injury to which it had reference. When so construed, the giving of it cannot constitute reversible error.

(5) Under the evidence in this case, charge 4, given at defendant's request, was free from fault.

(6) Charge 5 might well have been refused, for it is wanting in the clearness that should characterize instructions to juries. The idea entertained by the writer thereof was well conceived under the evidence; but its expressions should have been freer from misunderstanding.

(7) Under the pleadings and evidence there was no error in giving for defendant charges 9, 10 and 12.

(8) And likewise charges 11 and 13 were given without error. For the single error noted, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.