# Railroad Commission *v.* Louisville & Nashville R. R. Co., *et al.*

### Mandamus.

(Decided June 15, 1916.   72 South. 397.)

1. **Railroads; Public Service; Order; Validity.**—An order for a physical connection for the interchange of freight and traffic between railroads in and through the same city or town, made under § 5535, Code 1907, but made without the hearing contemplated by §§ 5667-69, Code 1907, and Acts 1907, p. 29, is invalid.

2. **Same; Proceedings to Enforce Order of Commission.**—In a petition for mandamus by a railroad commission to enforce an order requiring such physical connection, a demurrer to the petition is well taken where the order sought to be enforced recites that no testimony was taken in the proceedings in which it was issued.

3. **Same.**—The authority of the railroad commission to order a physical connection between railroads under § 5535, Code 1907, depends upon the sufficiency of business to justify the construction and maintenance of the connection, and the commission has no authority or jurisdiction to order such connection in the absence of such facts.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

The Railroad Commission of Alabama sought by mandamus to compel the Louisville & Nashville Railroad Company, and the Central of Georgia Railroad Company to make a physical connection between their tracks at Samson, Alabama, in pursuance of an order made by the Railroad Commission. Demurrer was sustained to the petition, and the Commission appeals. Affirmed.

WILLIAM L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General. GOODWYN & MCINTYRE, for appellee.

SAYRE, J.—This is an appeal from a judgment of the city court of Montgomery, sustaining a demurrer to the appellant's petition for a writ of mandamus to compel appellees to establish a physical connection between their tracks, in order to facilitate the interchange of traffic between them at Samson in this state, according to the order of the railroad commission previously made.

The formal order of the railroad commission, a copy of which is exhibited with the petition, contained the following recital:

"In the above cause (Railroad Commission of Alabama v. Louisville & Nashville Railroad Company and Central of Georgia Railway Company), the defendant, the Louisville & Nashville Railroad Company, was represented by its attorney, George W. Jones, and the Central of Georgia Railway Company by its attorney, Major R. E. Steiner. Answer filed by the Louisville & Nashville Railroad Company. No testimony taken. The following decision and order rendered."

And upon this the order followed.

Neither the general power and authority of the railroad commission in the premises nor the jurisdiction of the trial court are

denied. The demurrer takes the point, in effect, and we need consider no other, that the order of the railroad commission was void because not based upon evidence tending to show its propriety in the conditions obtaining at Samson.

Section 5535 of the Code provides that the railroad commission may make an order for the making and maintenance of a physical connection between railroads to or through the same city or town. so that cars may be transferred from one to the other and traffic may be interchanged between them "where such connection, in the judgment of the railroad commission, is reasonably practicable and can be put in with safety, and will furnish sufficient business to justify the construction and maintenance of the same where rights of way can be obtained by condemnation or otherwise, on terms deemed reasonable by the railroad commission."

· Section 1 of the act approved November 23, 1907 (Acts Sp. Sess. p. 29 et seq.) uses languages broad enough to cover the same ground. It provides: "That, if, in the judgment of the railroad commission, repairs or improvements to or changes in any * * * terminals or terminal facilities * * * ought reasonably to be made, or that any additions should reasonably be made thereto * * * in order to secure adequate service or facilities for the transportation of passengers, freight or property, the commission shall, after a hearing had either on its own motion or after complaint filed, make and secure an order directing such repairs, improvements, changes or additions to be made within a reasonable time and in a manner to be specified therein."

It adds the provision that the commission may proceed on its own motion. At the time of the passage of this act, section 5667 of the Code (section 23 of the Act of Feb. 23, 1907 [Gen. Laws 1907, p. 143]), provided for an investigation upon the complaint of any person, firm, corporation, or association, etc., that any service is inadequate, section 5668 provided that parties should be heard and have process to enforce the attendance of witnesses, while section 5669 provided for the order to be made.

(1) These statutes contemplate a hearing, i. e., a judicial investigation of the issues raised by the proceeding to compel a physical connection between railroads, whether those issues be of law or fact. The order made for a connection in such cases is not a mere administrative regulation, but it involves the taking of property, since it compels the railroad companies to expend

money in complying with the order, and if they already own the land upon which the tracks must be laid, the order prevents them from using it for other purposes.—*Oregon R. R. & N. Co. v. Fairchild*, 224 U. S. 510, 32 Sup. Ct. 535, 56 L. Ed. 863. It is doubtless within the contemplation of the statute that the commission, if it sees proper to do so, may ascertain some of the facts necessary to be taken into consideration in the making of such order by a personal inspection on the ground; but, if so, there are others, equally necessary, which can only be determined upon evidence heard and considered.

(2) Under the statute it must be found that the connection under consideration "will furnish sufficient business to justify the construction and maintenance of the same where rights of way can be obtained by condemnation or otherwise, on terms deemed reasonable by the railroad commission." These last-named facts are of such nature that conformity to fundamental principles of law in an adversary proceeding requires that they be established by evidence. Appellant suggests that these facts may have been the subject of an agreement. There is no suggestion of an agrement; but such an agreement, when made, is merely a substitute for and serves the purpose of evidence, and that there was such agreement of facts is fairly excluded by the recital of the order made by the commission that no testimony was taken.

All legal intendments are within the orders of the railroad commission, and its orders will be upheld unless their invalidity is made to appear. The presumption is that the orders of the commission are made upon proper evidence and are reasonable.—*Railroad Commission v. A. G. S. R. Co.*, 185 Ala. 354, 64 South. 13, L. R. A. 1915D, 98. But we can imagine no reason for the recital that no testimony was taken if it be not the veritable statement of a fact, made in order to disclose the true foundation of the order, which is in the nature of a judicial judgment, by showing that the commission proceeded to the necessary finding of facts upon its unaided opinion as to the public demand and right in the circumstances presented by the situation at Samson, or perhaps upon information with respect thereto gathered in an informal way from outside sources. Such is the just and reasonable intendment of the recital. We do not pretend that the commission is bound by the strict rules of evidence which obtain in suits between private parties; but, as observed by the Supreme

[Reynolds, et al. v. Trawick, et al.]

Court of the United States in *Interstate Commerce Commission v. L. & N. R. R. Co.*, 227 U. S. 88, 33 Sup. Ct. 185, 57 L. Ed. 431, "the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules * * * by which rights are asserted or defended."

(3) The right of the commission to act depended upon the fact, among others, that the proposed connection would furnish sufficient business to justify its construction and maintenance, and, if there was no evidence of this fact, there was no jurisdiction to make the order.' "A finding without evidence is arbitrary and baseless." To hold that the commission might proceed upon information informally picked up "would nullify the right to a hearing; for manifestly there is no hearing when the party does not know what evidence is offered or considered and is not given an opportunity to test, explain, or refute."—227 U. S. 88, 33 Sup. Ct. 185, 57 L. Ed. 431, supra. We have no authority to attribute to the order of the commission a virtue it does not profess to have, by eliminating or ignoring its formal recital as surplusage or as contrary to the fact. ·Hence our conclusion that the order affirmatively shows that it was made without hearing evidence on a fact that could be determined by evidence alone, and so discloses its own excess of power in the premises. The demurrer to the petition was properly sustained.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.