(168 So. 40)

**METROPOLITAN LIFE INS. CO. v. HYCHE.**
(6 Div. 617.)

(Supreme Court of Alabama. March 18, 1926.
Rehearing Denied April 22, 1926.)

1. **Insurance** &#9860;640(4) — Plea that plaintiff falsely represented to insurer in proof of loss that insured had no deceased brother held without merit and incapable of amendment making it good.

In suit on life insurance policy, defendant's plea that plaintiff, in proof of loss, falsely represented that she had no deceased brother *held* without merit and incapable of amendment to make it a good plea.

2. **Appeal and error** &#9860;919 — Supreme Court must presume that plea stricken as too late came when court had discretion to deny its consideration on such ground, where record does not clearly show its relation to other pleadings in point of time.

Supreme Court must presume that plea stricken as too late came at time when court had discretion to deny its consideration on such ground, where record does not clearly show its relation to other pleadings in point of time.

3. **Insurance** &#9860;641(1) — Replication that agreements or false statements alleged in defendant's pleas were not incorporated in policy sued on held good (Code 1923, § 8371).

Replication that agreements or false statements alleged in defendant's pleas were not incorporated by reference or otherwise in policy sued on was good, under Code 1923, § 8371.

4. **Insurance** &#9860;645(3)—Evidence of condition of insured's health at dates of application and issuance of policy sued on held admissible under pleadings.

Where defendant's pleas alleged that insured, in breach of agreement made to induce issuance of policy, sued on, suffered from tuberculosis and pleurisy before application, it was competent and material for defendant to show condition of her health at dates of application and issuance of policy.

5. **Insurance** &#9860;655(2)—Physician's testimony as to whether tuberculosis was more ravaging among colored than white race held properly excluded in action on policy, though insured was colored woman.

In action on life insurance policy, physician's testimony as to whether tuberculosis is more ravaging among colored than white race *held* properly excluded, though insured was colored woman, only proper issue being whether tuberculosis increased risk of loss in her case.

6. **Evidence** &#9860;14.

Court has judicial knowledge that tuberculosis increases risk of loss under life insurance policy.

7. **Appeal and error** &#9860;1033(2).

Sufficiency of pleas ruled in appellant's favor will not be considered on appeal.

---

&#9860;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. New trial** ⊜═⇒72—**Overruling insurer's motion for new trial was reversible error, where pleas that insured suffered from tuberculosis and pleurisy, increasing risk of loss, before application, were proved beyond doubt.**

Where defendant's pleas that insured, in breach of agreement made to induce issuance of policy sued on, suffered from tuberculosis and pleurisy, which increased risk of loss, before application, were proved beyond doubt, and there was no proof of special replications, court committed reversible error in overruling defendant's motion for new trial.

**9. Pleading** ⊜═⇒95 — **Court may require that each pleading be written out in full, where special pleas not only refer frequently to other such pleas, but latter refer to still others.**

While it is often proper for one pleading to refer specifically to another, trial court may require that each be written out in full, where special pleas not only refer frequently to other such pleas, but latter ,contain references to still other pleas.

Appeal from · Circuit Court, Tuscaloosa ·County; Fleetwood Rice, Judge.

Action by Ethel Hyche against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Defendant's plea 22 is as follows:

"(22) For further plea and answer to the complaint, the defendant says that the plaintiff ought not to have and recover from the defendant in this action, because it says that the policy sued on herein provided that the beneficiary therein named, the plaintiff in this action, should make to this defendant satisfactory proof of. loss under said policy, and that the plaintiff made a statement to the defendant as 'a part of her proof of loss, and in said statement represented to defendant that insured Mary Ann Jimerson, had three brothers and three sisters, all of whom were living and that she had no brother or sister who had died previous to the making of said statement. And defendant avers that said statement was untrue in this, that insured had had a brother who died previous to the making of said statement. And defendant avers that the matter represented therein was falsely represented by plaintiff, with intent to deceive the defendant, and the defendant was deceived thereby."

Foster, Rice & Foster, of Tuscaloosa, for appellant.

A misrepresentation, or a breach of condition or warranty, contained in a policy of life insurance, by the insured, as to any matter which was material· to and increased the risk of loss, avoids the policy, if so provided by the policy, and it does not matter that the insured did not intend to deceive the insurer. Code 1923, § 8364; Empire v. Gee, 55 So. 166, 171 Ala. 435; Mutual v. Mandelbaum, 92 So. 440, 207 Ala. 234, 29 A. L. R. 649; Miller v. Metropolitan Life Ins. 'Co. (Ala. Sup.) 106 So.

335. And ' such ‵ a misrepresentation, made with intent to deceive, will render the contract void, even in the absence of express provision to that effect in the policy. Hardy v. Sov. Camp., 81 So. 690, 17 Ala. App. 53. The preponderance of the evidence was so decided against the verdict that a new trial should have been granted. Southern Ry. v. Grady, 68 So. 346, 192 Ala. 515; A. G. S. v. Smith, 71 So. 455, 196 Ala. 77. It was error to strike plea 22. Code 1923, § 8364; ‵ Manhattan v. Verneville, 47 So. 72, 156 Ala. 592; Continental Cas. Co. v. Ogburn, 57 So. 852, 175 Ala. 357, Ann. Cas. 1914D, 377; Wefel v. Stillman, 44 So. 203, 151 Ala. 249; Mann Lumber Co. v. Bailey Iron Co., 47 So. 325, 156 Ala. 598; Mobile Elec. Co. v. Sanges, 53 So. 176, 169 Ala. 341, Ann. Cas. 1912B, 461.‵ A replication must traverse or confess and avoid. Nat. L. Ins. Co. v. Singleton, 69 So. 80, 193 Ala. 84.

E. L. Dodson, of Tuscaloosa, for appellee.

A representation or warranty will not defeat the policy, unless made with actual intent to deceive, or unless the matter represented increased the risk of loss. Code 1907, §·4572; Mutual L. I. Co. v. Allen, 56 So. 568, 174 Ala. 511; Mass. Mutual v. ·Crenshaw, 70 So. 768, 195 Ala. 263; Metropolitan v. Goodman, 71 So. 409, 196 Ala. 304; National Union v. Sherry, 61 So. 944, 180 Ala. 627. The burden is on defendant to establish pleas setting up that false warranties or misrepresentations increase the risk. Empire v. Gee, 55 So. 166, 171 Ala. 435; Metropolitan v. Goodman, supra; Id., 65 So. 449, 10 Ala. App. 446. The burden is on defendant to establish pleas setting up fraud. Mass. Mutual Life Ins. Co. v. Crenshaw, 65 So. 65, 186 Ala. 460. There was no error in refusal to grant a new trial. Howton v. Mathias, 73 So. 92, 197 Ala. 457. If a pleading is unnecessarily prolix, irrelevant or frivolous, or unnecessarily repeated, it may be stricken on motion of the adverse party. Code 1923, § 9458; 31 Cyc. 604; L. & N. v. Quick, 28 So. 14, 125 Ala. 553. Where an objection is taken by motion to strike, when a demurrer would be appropriate, the substitution of modes of ·procedure is harmless error. Black v. State, 26 So. 340, 123 Ala. 78; Ashurst v. Arnold Co., 78 So. 386, 201 Ala. 480.‵

SAYRE, J. Action on a policy of life insurance.

[1, 2] Defendant filed numerous pleas setting up breaches of an agreement into which the insured entered in order to induce defendant to issue the policy. For further plea defendant alleged the matters and things shown by the plea numbered 22, which is set out in the statement. The court, on plaintiff's motion, struck this plea numbered 22 on the ground that it came too late. It is not

clear upon the record just what relation in point of time the plea in question bears to the other pleading in the case, but, however that was, it appears that the proposed plea was lacking in merit, and that it was incapable of amendment so as to make of it a good plea. Moreover, we must presume that it came at a time when the court had a discretion to deny its consideration on the ground stated for the ruling. We cannot, therefore, say there was error. Jones v. Ritter, 56 Ala. 270; Mass. Mutual v. Crenshaw, 70 So. 768, 195 Ala. 263.

[3] It is argued that the trial court erred in overruling defendant's demurrer to special replication A. This replication was to the effect that the agreements or false statements alleged in certain pleas were not incorporated by reference or otherwise in the policy. This was a good replication under our statute. Code 1923, § 8371; Empire Life v. Gee, 55 So. 166, 171 Ala. 435, and cases cited at page 438.

[4-6] Under the pleadings it was competent and material for defendant to show in what condition of health insured was at the date of her application and at the date on which the policy was issued. The witness Dr. Searcy was a medical expert and competent to answer defendant's question "whether tuberculosis was more ravaging among the colored race than among the white"; but the comparison defendant thus sought to set up was foreign to any issue in the case, and the court properly sustained plaintiff's objection to the question and excluded the witness' affirmative answer. Insured was a colored woman, true, but the only proper issue as to her state of health was whether tuberculosis increased the risk of loss in her case. That question the expert witness answered in the affirmative, and, besides, in agreement with the court's judicial knowledge of the subject. Brotherhood of Railway Clerks, etc., v. Riggins, 107 So. 44, ante, p. 79.

[7, 8] We feel constrained to hold that the court committed reversible error in overruling defendant's motion for a new trial. Pleas 5, 7, 11, and 13 (the sufficiency of which we do not consider, because ruled in favor of appellant [defendant]) alleging, in short, that insured, in breach of her "agreement," made to induce defendant to issue the policy in suit, had, prior to her application therefor, suffered from (in two of the mentioned pleas) tuberculosis, and (in two other of the said pleas) from pleurisy, both which increased the risk of loss to the defendant. These pleas were proved beyond peradventure; nor was there proof of the special replications, one or all. We do not mean to say that insured was guilty of actual fraud, for fraud was not alleged in the pleas. In this respect the case is different from that

shown in Miller v. Metropolitan Life Ins. Co. (Ala. Sup.) 106 So. 335.[1] In the case in hand our judgment on the evidence shown by the record is that the issue as to actual fraud, had that issue been made in the pleadings, would have been one for jury decision. But the pleadings and the rulings on the sufficiency thereof were so framed and adjudicated as to eliminate that issue.

[9] May we not be permitted to suggest that, while in order to avoid unnecessary repetition and prolixity it is often proper for one pleading to refer specifically to another (Mattingly v. Houston, 52 So. 78, 167 Ala. 167), the practice in this case has been carried to an extreme which greatly embarrasses consideration of the separate pleadings? Not only are there very frequent references in the special pleas to other special pleas, but it is found that the pleas referred to carry references to still other pleas which need to be consulted. The trial court in such case may very well require that each pleading be written out in full so as to present with unbroken continuity the whole subject-matter of each plea; but this is a suggestion of convenience, not error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

