## SOUTHERN LIFE & HEALTH INS. CO. v. MORGAN. (7 Div. 768.)

Supreme Court of Alabama. June 30, 1927.

1. Evidence ⊚�top14—Court takes judicial notice that tuberculosis is material to risk of insurance.

Courts will take judicial notice that tuberculosis is disease which is material to risk of insurance.

2. Insurance ⊚⟶668(7).—Whether insured, who had tuberculosis February 7th, and died therefrom February 27, 1925, had tuberculosis when policy was delivered January 26, 1925, held for jury.

In action on policy of life insurance, question whether insured, who on examination February 7, 1925, showed had tuberculosis on that date, and who died from tuberculosis on February 27, 1925, had tuberculosis when policy was delivered January 26, 1925, *held* for jury.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action on a policy of life insurance by Sarah E. Morgan against the Southern Life & Health Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Merrill & Field, of Anniston, for appellant.

The provision in the policy that insured must be in sound health at the time of delivery of the policy is valid and binding on the insured. National L. & A. Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571. The evidence is undisputed that insured was not in sound health when the policy was delivered, but had been suffering from tuberculosis, and the affirmative charge should have been given for defendant. Peters v. Southern R. Co., 135 Ala. 533, 33 So. 332. Testimony of experts as to scientific questions is binding on the court and jury, and such expert evidence should not be questioned by the common knowledge of courts or juries. Ham v. N. C. & St. L., supra.

Chas. D. Kline, of Anniston, for appellee.

Plaintiff established a prima facie case. National L. & A. Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571. The case was properly submitted to the jury. 26 R. C. L. 1076, 1077. Insurance contracts are to be construed liberally in favor of the insured. Mutual L. I. Co. v. Barrett, 215 Ala. 142, 110 So. 275.

GARDNER, J. The suit was upon a policy of insurance upon the life of one Lena Riley. There was verdict and judgment for the plaintiff, from which defendant prosecutes this appeal.

The only question here argued relates to the action of the court in refusing the affirmative charge, as requested by defendant.

[1] It is insisted that a breach of the warranty or condition of the policy that insured must be in good health at the time of the delivery of the policy has been established by the uncontroverted proof. The matter of unsoundness of health related only to tuberculosis, a disease of which the courts take judicial knowledge is material to the risk of insurance. Brotherhood of Ry. & S. S. Clerks, etc., v. Riggins, 214 Ala. 79, 107 So. 44, 47 A.

———

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

216 ALA.—34

L. R. 270; Metropolitan Life Ins. Co. v. Hyche, 214 Ala. 447, 108 So. 40. · See, also, 37 Cyc. 404; Nat. Life & Accident Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571; Sov. Camp, W. O. W., v. Hutchinson, 214 Ala. 540, 108 So. 520; Amer. Nat. Ins. Co. v. Rains, 215 Ala. 378, 110 So. 606; Mut. Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649.

[2] The evidence is without dispute that insured died of tuberculosis on February 27, 1925, and examination on February 7th previous disclosed the disease. The policy was delivered January 26, 1925, and the question therefore for determination was whether or not insured was so affected on that date. It is urged by appellant that the testimony of the two doctors, as experts, so shows, and should therefore control, citing Harris v. N. C. & St. L. R. R. Co., 153 Ala. 139, 44 So. 962, 14 L. R. A. (N. S.) 261. But neither of the physicians testified insured had tuberculosis on the date of delivery of the policy. Some of their testimony was to the effect that the disease may be suddenly developed and result fatally in a very short time, and that insured could have so developed or contracted tuberculosis from the date of January 26th, and died therefrom on February 27th thereafter. No examination was made on January 26th, and the physicians were unwilling to testify insured was so affected on that date. One of the physicians stated that it was possible, under the authorities, that insured should be of sound health on January 26th, though the test disclosed tuberculosis on February 7th, and she died on February 27th thereafter of that disease. Particular reference is made to the testimony of Dr. Durden, who favorably passed on the examination of insured for the policy on January 9th, and issued his certificate of that date recommending her acceptance. But we need not engage in any detailed discussion of the evidence. Suffice it to say that the court has considered this testimony in consultation with due care, and the conclusion is reached that a jury question was presented.

The affirmative charge was therefore properly refused.

Affirmed.

ANDERSON, C. · J., and SAYRE and THOMAS, JJ., concur.