(120 So. 471)

## SMITH v. STATE. (6 Div. 244.)

Supreme Court of Alabama. Dec. 6, 1928.

Rehearing Denied Feb. 2, 1929.

Charlie C. McCall, Atty. Gen., and J. Q. Smith, Sp. Asst. Atty. Gen., for the State.

Palmer Bell, of Birmingham, for defendant.

Brief did not reach the Reporter.

SAYRE, J. Defendant, appellant, having been convicted of the offense of operating a motor vehicle as a common carrier, took his case to the Court of Appeals. That court

having reversed the judgment and ordered the discharge of the defendant, the state applies for a review by the writ of certiorari.

The agreed statement of fact shows: "That the defendant did operate a motor vehicle, to-wit, an automobile, during the month of May and subsequent to November 23, 1927, and prior to the 28th day of May, 1928, on the public highway between North Birmingham, Alabama, and New Castle, Alabama, for the transportation of passengers for hire. That as occasion presented itself, or at the request of his passengers, he would occasionally deviate and go to points off of the highway. That he operated on no fixed schedule and did not hold himself out to the public as operating from any fixed point at any definite time but would receive passengers and discharge passengers at various points both on and off the main highway and would transport passengers, as occasion demanded, at their request to other points in the vicinity other than New Castle and North Birmingham. That the distance from North Birmingham to the farthest point gone by the defendant is less than fifteen miles. That defendant has never made application to the Alabama Public Service Commission for a certificate of necessity and convenience, and that no authorization or permit has been granted defendant by said commission to operate as a motor carrier. That some time in December, citation was issued by the Alabama Public Service Commission to defendant to show cause why he should not be declared to be a motor carrier, and that on the hearing thereof, the said Alabama Public Service Commission declared defendant to be a motor carrier and ordered him to desist and to cease all further operations as such over said route until duly authorized by said commission."

The foregoing order by the commission appears to have been made in pursuance of the authority vested in it by section 11 of the act (Acts 1927, p. 309), entitled "An act to enlarge the authority, powers and jurisdiction of the Alabama Public Service Commission," etc., which is as follows:

"Sec. 11. If any motor vehicle shall be operated over any public highway of this State in such manner as to come into competition with any motor carrier operating under a certificate issued by the Commission, if such motor vehicle is operated between fixed termini or over a regular route, even though there may be periodic or irregular departure from such termini or route, the commission may investigate the operation of such motor vehicle, and if, upon notice, hearing and investigation, the commission finds that such motor vehicle is being operated in competition with any such motor carrier, the commission may order the operator of any such motor vehicle to cease and desist from such operation, or the commission may require the operator of such motor vehicle to apply for and obtain a certificate of convenience and necessity hereunder before such motor vehicle shall be allowed to continue such operation. Any certificate of convenience and necessity issued to the operator of such motor vehicle shall be subject to all the terms and provisions of this Act and the operator thereof shall thereafter be deemed a motor carrier and subject to the provisions of this Act."

This order of the commission was not a mere administrative regulation. On collateral attack, as here, this order had all the attributes of a judgment of a court of law. Oregon Railroad v. Fairchild, 224 U. S. 510, 32 S. Ct. 535, 56 L. Ed. 863; Railroad Commission v. Louisville & Nashville Railroad, 197 Ala. 161, 72 So. 397; sections 28–42 of the act (Acts 1927, pp. 319–322), which provide, among other things, for an appeal from the order of the commission to the circuit court and thence to this court. This petitioner has not sought to review the order of the commission in the manner prescribed by the act; his plan is to ignore it. By his course he has subjected himself to the pains and penalties denounced by section 45 of the act, which is quoted in the opinion of the Court of Appeals. The constitutional validity of the act is not questioned. Its wisdom was a matter for consideration by the Legislature. Nor can we in this proceeding consider the question whether the commission erred in its finding that petitioner was a common carrier. It results that the judgment of the Court of Appeals must be held for error. The cause is remanded to that court for further proceeding in agreement with this opinion.

Writ awarded.

All the Justices concur.