(121 So. 714)

## INDEPENDENT LIFE INS. CO. v. SEALE.
### (6 Div. 323.)

Supreme Court of Alabama. April 11, 1929.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

Benton, Bentley & Moore, of Bessemer, for appellee.

198

FOSTER, J. ▮ A clause in a life insurance policy to the effect that no obligation is assumed by the insurer unless, on the date of the delivery of the policy, insured is alive and in sound health, has frequently been held by this court to be in legal effect a warranty, within the terms of section 8364 of the Code. Reliance Life Ins. Co. v. Sneed, 218 Ala. 669, 117 So. 307; Cotton States Life Ins. Co. v. Crozier, 216 Ala. 537, 113 So. 615; So. Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540; Mut. Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649. And if the unsound health consists of tuberculosis, the court takes judicial knowledge that it does increase the risk of loss. So. Life & Health Ins. Co. v. Morgan, supra; Brotherhood of Rwy. & S. S. Clerks v. Riggins, 214 Ala. 79, 107 So. 44; Metropolitan Life Ins. Co. v. Hyche, 214 Ala. 447, 108 So. 40; Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335.

▮ It is therefore not necessary to make a specific allegation that tuberculosis, of which insured is alleged to have been afflicted on the date of the issuance of the policy, increased the risk of loss, or that the warranty of sound health was with the intent to deceive. By such judicial knowledge, allegation and proof of the requirements of section 8364, in this respect, are under those circumstances dispensed with. Miller v. Metropolitan Life Ins. Co., supra.

Appellant's plea 3 fully presented the defense without any additional special pleading, and without any burdensome allegations. It alleges that the insured, at the date of the delivery of the policy, was afflicted with pulmonary tuberculosis, and that this increased the risk of loss. The allegation that this increased the risk of loss does not add to the burden of proof, when it is alleged that the unsound health consists of pulmonary tuberculosis, or any other unsound health which the court judicially knows does increase the risk of loss. There was, therefore, no injury to appellant resulting from the judgment sustaining demurrer to pleas 5 and 6, though they may not be subject to demurrer—not necessary to decide.

▮ The issue made by the pleading was simply one of fact for the jury—whether insured had pulmonary tuberculosis on the date of the delivery of the policy. The court so charged the jury in its oral charge, and in numerous written charges given for appellant instructed them plainly that, if insured was afflicted with tuberculosis at the time the policy was issued, it was void, and in that event plaintiff could not recover anything (charges 7, 15, 16, 17, 21, 22, 26, and 29, given for appellant). Therefore the refused charges 3, 4, 8, and 28 are sufficiently covered by the given charges.

· The only other charges refused appellant, which it claims in brief were erroneous, were affirmative charges in various forms. We think the court properly submitted to the jury the question of whether insured had tuberculosis at the time of the issuance of the policy, and that upon this issue alone the result should be determined.

▮ The policy was issued on October 18, 1926, and insured died September 18, 1927. The insured was the wife of the beneficiary. He testified that she had a miscarriage in November, 1926, and did not afterward build up like she should, and that about the first of 1927, he ascertained that she had tuberculosis, and she was not afterward well until she died; that in his judgment she did not have it before then, and in October, 1926, was never in better health since he had known her (13 years). She had given birth to several children, one of them in the late summer of 1925. Dr. E. A. Harris testified that he treated insured in August, 1926, and she had clinical symptoms (that is, from an examination by sight and hearing) of tuberculosis at that time, and in his professional opinion she then had tuberculosis. No microscopical test was made until January, 1927, when an examination of her sputum showed positive for tuberculosis. He further testified that, absolutely speaking, there is no positive way to diagnose tuberculosis, except by finding the germ in the sputum by microscopical examination; that from a clinical examination a wrong conclusion may be reached; that following the miscarriage her vitality was thereby materially lowered.

Dr. Canterbury testified for the plaintiff that he treated insured at the time of her miscarriage in November, 1926, and examined her clinically at that time, and the best he was able to ascertain she did not have tuberculosis then; that when he so examined and treated her she did not have the clinical symptoms of tuberculosis, but appeared to be a woman in normal average health. The medical examination on October 18, 1926, for the issuance of the policy sued on, showed that insured had no physical defect or infirmity, and that the examiner detected no disease of any kind.

This evidence all taken together was undoubtedly sufficient to present a jury question on the issue (So. Life & Health Ins. Co. v. Morgan, supra), and the evidence is of such a nature that we are not willing to disturb the action of the circuit court in denying the motion for a new trial.

There are assigned for error some exceptions to the rulings of the court on objections to evidence. We have considered them, and think that for obvious reasons none of them shows reversible error, but that no principle of law is involved which needs special treatment.

There being no reversible error assigned and argued, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.