(121 So. 708)
NATIONAL LIFE & ACCIDENT INS. CO. v. ALBERT. (6 Div. 303.)

Supreme Court of Alabama. April 11, 1929.

Jacobs & Carmack, of Birmingham, for appellant.

190

Crampton Harris, of Birmingham, for appellee.

FOSTER, J. The policy sued on contains the following clause: "No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." This court has considered such terms of insurance policies to be in legal effect warranties, and governed by the principles of law applicable to warranties. Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; Cotton States Life Ins. Co. v. Crozier, 216 Ala. 539, 113 So. 615; Southern Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540; Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649. And therefore, for [such warranty of] unsound health at the date of the policy to be a defense, the conditions of section 8364 are essential. Mutual Life Ins. Co. v. Mandelbaum, supra. Those conditions are, either, (1) that there was actual intent to deceive; or (2) the unsound health at the time was such as to increase the risk of loss. The court has also held that, when such unsound health consists of tuberculosis, the court will take judicial knowledge that it does increase the risk of loss. Southern Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540; Brotherhood of Rwy. & S. S. Clerks v. Riggins, 214 Ala. 79, 107 So. 44; Metropolitan Life Ins. Co. v. Hyche, 214 Ala. 447, 108 So. 40; Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335, and others not necessary to cite.

■ If, therefore, the evidence be positive and direct that deceased had tuberculosis at the time of the delivery of the policy, and no other inference may be reasonably drawn from it, defendant would be entitled to the affirmative charge. Brotherhood, etc., v. Riggins, supra. It is quite clear that the evidence was not of such nature, and therefore appellant was not due this charge.

The pleading was in short by consent, with permission to prove any legal defense.

■ Exception is taken to certain portions of the court's oral charge to the jury. The objection is not one of misdirection, but of omission of one aspect of the defense. It is contended that the court did not sufficiently stress the fact that, if tuberculosis existed, it did increase the risk of loss, but unduly referred to an intent to deceive in connection with tuberculosis. There was no misstatement of law contended, but it is contended that the court's charge had a necessary tendency to mislead, and therefore there was error. It is remembered, of course, that the pleas did not specify the defense, and the court, in charging the jury, must have been guided as to the issues by the contentions of counsel in oral argument, as well as the evidence, and therefore we cannot put the court in error for failure to charge on some matter of defense. The record does not disclose what those contentions were, except as shown by the evidence. While the general oral charge, perhaps, emphasizes the intent to deceive more than the increase of risk of loss, there is nothing said in the charge which is not a correct statement of the law. And, to make the issue clear to the jury, the court gave them four charges, which give the emphasis omitted from the general charge. In these charges the jury is instructed that plaintiff cannot recover, if they are reasonably satisfied that deceased had tuberculosis on July 2, 1923 (presumably the date of the application), or on July 30, 1923 (the date of the delivery of the policy), and, further, that tuberculosis does increase the risk of loss, and that all this is true, though deceased did not know that he had tuberculosis on said date.

For the reasons we have shown, this situation is not controlled by the cases of O'Brien v. Birmingham Ry., Light & Power Co., 197 Ala. 97, 72 So. 343; Birmingham Candy Co. v. Shepherd, 14 Ala. App. 312, 70 So. 193; Frierson v. Frazier, 142 Ala. 232, 37 So. 825; Birmingham Ry., Light & Power Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Birmingham, etc., Co. v. Hoskins, 14 Ala. App. 254, 69 So. 339. In each of these cases there was a positive misstatement of the law as applicable. In this case there was no misstatement, but an omission to state as fully as appellant wished one aspect of the defense. But, as this was fully covered in the given special charges, appellant has no just cause to complain.

■ The charge given at the instance of appellee is not an erroneous statement of the law. There is no error to reversal assigned, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.