144 So. 816

## NATIONAL LIFE & ACCIDENT INS. CO. v. SAFFOLD.

### 3 Div. 20.

Supreme Court of Alabama.

Nov. 10, 1932.

Rehearing Denied Dec. 22, 1932.

John S. Tilley, of Montgomery, for appellant.

L. A. Sanderson, of Montgomery, for appellee.

FOSTER, J.

Our attention, on this appeal, is directed first to the motion for a new trial and the ruling of the court on it.

■ We have carefully considered the evidence. In many respects it is in sharp conflict, presenting a question for the jury. It is not primarily a question with us of the credibility of the witnesses, unless it is apparent that due consideration was not given to their testimony in the trial court. There was abundant evidence that Mary Sloan, or Hartley, applied for the insurance while in good health, and kept up payment of the premiums until her death. True, there was evidence to the contrary, but a finding for plaintiff was not against the great weight of it. It is not at all a plain case of where some other person substituted for her. Such claim was on a theory sought to be drawn from circumstances, and depended upon belief of the evidence of defendant to support those circumstances. Doubtless the argument made here was that presented to the jury trying the issues who had the witnesses before them. We cannot sustain the contention of appellant that there was reversible error in overruling the motion.

■ Neither can we sustain the second point of the argument made by appellant, that related to refused charge 3. The charge lacks essential qualities of the principle which applies, and material averments of the pleas. The unsoundness of the health of the insured, when the policy was issued, must have either increased the risk of loss, or her representation of sound health must have been made with the actual intent to deceive. Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714; National Life & Accident Ins. Co. v. Albert, 219 Ala. 189, 121 So. 708 (where the authorities are cited).

■■ The evidence was sufficient to justify a finding that, while the true name of the insured was Mary Hartley, she was known and called Mary Sloan, by which she was designated in the policy; that she signed the name of Mary Sloan to the application and gave that as her name to the agent soliciting the insurance; that, while her husband was named Henry Hartley, he often used the name of Henry Sloan, and was so known and called; that his stepfather was named Sloan, and by that circumstance he was so called. If such was found to be the situation, the result was not that a different person was designated as the insured, but that the one person was designated by the name by which she was often called. There is no necessity under such circumstances to reform the policy in equity so as to change her name from that stated in it. The purpose of a name is to designate a person. This is accomplished when it is that by which she is known or called, as when she herself declares it to be her name. Ingram v. Watson, 211 Ala. 410, 100 So. 557; Milbra v. S.-S. S. & I. Co., 182 Ala. 623, 630, 62 So. 176, 179, 46 L. R. A. (N. S.) 274; 45 Corpus Juris 376; Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869; Martin v. Hemphill (Tex. Com. App.) 237 S. W. 550, 20 A. L. R. 984.

■ When a contract is thus made in an assumed name, the person so named may be sued in his true name on such contract. 45 Corpus Juris, 377; Carlisle v. People's Bank, 122 Ala. 446, 26 So. 115; May v. Clanton, 208 Ala. 588, 95 So. 30; note, 20 A. L. R. 993 et seq.; 45 A. L. R. 200, et seq.

■ It is true that, if the name of a party to a contract is incorrectly stated, so that it is not the true name of such person, nor that by which he is known or called (Noble v. State, 139 Ala. 90, 36 So. 19), nor that which has been assumed, equity, by a direct proceeding to reform, "affords a clearer more adequate remedy." N. C. M. L. Ins. Co. v. Martin, 223 Ala. 104, 134 So. 850, 851. So also when by mistake or fraud one is named when

another should have been. American-Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36.

■ The name signed to a contract may be shown by parol to be that adopted or assumed by one whose true name was something else. Note, 20 A. L. R. 992 et seq.; Alabama Clay Products Co. v. Mathews, supra.

This is not in the nature of a reformation, nor is that equitable remedy necessary under those circumstances. Objection to the policy on the ground that the insured was Mary Hartley, and not Mary Sloan, as alleged in the complaint and in the policy, was not well taken.

■ Charge 5 leaves out of consideration the fact that Mary Sloan and Mary Hartley may have been one and the same person. It was therefore properly refused.

We do not find reversible error in respect to the remarks of the court during the cross-examination of Dr. Carr, a witness for plaintiff. Our judgment is that they were not prejudicial to appellant.

The other assignments of error insisted on are, in our opinion, without merit, but do not need discussion.

There is no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.